## MURPHY et al. v. KNOX et al.

No. 26838.    Dec. 15, 1936.

Jno. V. Roberts, for plaintiffs in error.

Scarritt & Champlin, McKeever, Stewart & McKeever, and A. L. Zinser, for defendants in error.

PER CURIAM. On July 8, 1927, the plaintiffs executed and delivered to the defendant Knox their certain mortgage covering the northwest quarter of section 15, township 23 north, range 8 west, Garfield county, Okla., to secure the payment to said Knox, the payee, their note in the principal sum of $8,000 payable on July 8, 1932.

During the year 1930, Knox, payee and then holder of said note and mortgage, sold and transferred the same to the First National Bank of Enid, Okla., the transfer of said mortgage being effected by written assignment and that of the note by written indorsement with recourse.

On July 23, 1932, while the said indebtedness was past due and unpaid, the plaintiffs, mortgagors, conveyed the said land by warranty deed, absolute on its face, to the said Knox, subject to said mortgage indebtedness, which by the terms of said deed the grantee, Knox, assumed and agreed to pay.

On April 25, 1933, said Knox by deed of general warranty conveyed said land to codefendant H. H. Champlin.

On July 7, 1934, the plaintiffs instituted this action, the issue being finally joined on an amended petition filed, by leave of court, January 30, 1935, and separate answers thereto by the defendants.

The allegations of plaintiffs' petition urged as grounds for relief, so far as material, are, in substance, as follows: Upon the occasion of the execution of the deed of July 23, 1932, and as inducement therefor, Knox, the grantee therein, represented that he was still the owner and holder of said note and mortgage, but had hypothecated the same to the First National Bank of Enid as collateral security for loan he obtained of said bank; that said bank had requested that he secure such deed; that the deed when executed and delivered would be held and construed as additional security for said mortgage indebtedness; that the time of the payment of mortgage could be extended for four years, during which time they would be assured of a right of redemption, and that by entering into the lease, executed at the same time as the deed, they would be protected in their possession. The petition further alleges that defendant Champlin, grantee of said Knox, before his purchase had full knowledge that the deed to Knox was given only as security for the mortgage indebtedness to said Knox and well knew of the facts and circumstances surrounding the execution of the deed and farm lease to said Knox.

Defendant Knox for answer denies the allegations of the petition except so far as admitted in answer, and says, among other things, that at the time of the execution of the deed to him the mortgage, then past due and with delinquent interest, was owned and held by the bank; that he was liable as indorser thereon; that the land had been sold for delinquent taxes for one year and delinquent for another and that the bank was threatening to foreclose thereon; that it was agreed that plaintiffs would convey the farm to him, and that as consideration therefor he would discharge said indebtedness, principal and interest, as full payment for the purchase price, and thereupon the deed with warranty of title and subject to mortgage indebtedness and taxes was executed and delivered. That immediately thereafter he paid to the bank the sum of $8,482.27, the aggregate of the principal and interest owing on the note and mortgage, and delivered to the plaintiffs the mortgage note canceled;

that he leased the property to plaintiffs substantially as by them alleged. That the deed from plaintiffs to answering defendant was an absolute conveyance and not given as security for any indebtedness. Defendant further says that after his said purchase he paid to the county treasurer on account of tax sale and taxes for 1931 the aggregate sum of $400.06, and thereafter sold and conveyed the farm by general warranty deed to defendant H. H. Champlin.

Defendant Champlin for answer denies generally the allegations of the petition, and specifically denies that he had any knowledge, actual or constructive, that the deed executed by the plaintiffs was other than absolute deed, and avers that he is a bona fide purchaser for full value. Defendant pleads that plaintiffs are estopped to deny his title by reason of the lease they accepted from Knox and by their obtaining an extension of the lease from answering defendant, then owner of the premises, on August 1 1933, for another year, paying $125 as consideration therefor.

Trial was had on June 6, 1935. Upon conclusion of plaintiffs' evidence in chief, defendants separately demurred and moved for judgment, which was overruled. After both had introduced their testimony defendants renewed their demurrer and motions for judgment, which were by the court sustained and decree entered denying plaintiffs relief, quieting title in defendant Champlin, and awarding costs to defendants. Motion for new trial was filed and overruled, and, with proper foundations laid in the trial court, the cause is here on appeal from the judgment and order overruling motion for new trial.

The assignments of error are (1) error of court in overruling motion for new trial; (2) judgment contrary to law; (3) judgment contrary to and not supported by the evidence; and (4) that court erred in not holding deed from plaintiffs to defendant Knox a mortgage and in confirming title in defendant Champlin.

The real issues in the case are whether the deed from plaintiffs to defendant Knox is in legal effect a mortgage as contended by plaintiffs, and, if so, whether defendant Champlin was a bona fide purchaser for value without notice as contended by him— each having the burden of proof to establish their respective contentions. And inasmuch as the court, by specific findings, determined these issues of fact adversely to plaintiffs, the assignments are resolved to the question whether the judgment of the court is sustained by the evidence.

Written instruments are attended with a presumption that they are what they purport on their face to be, and this presumption is especially applicable to solemn instruments such as deeds, and to overcome this presumption the evidence must be cogent, convincing, clear and satisfactory, and such is true in actions to have deed operate as mortgage. Armstrong v. Phillips, 82 Okla. 82, 198 P. 499; Sanders v. Bank of Woodward, 169 Okla. 73, 35 P. (2d) 956.

The nature of the issues in this case as indicated by the substance of the pleading hereinbefore recited forebode a conflict in testimony and such developed at the trial on the vital issues, the conflict being irreconcilable.

We have carefully considered and weighed the evidence, as is our duty to do in such cases in equity, and after a consideration of the entire record we cannot say that it appears that the findings of the court are clearly against the weight of the evidence. Such being the case, this court, under its well-established rule, is not at liberty to set aside the findings of the trial court. Thomas v. Halsell, 63 Okla. 203, 164 P. 458. In fact, after considering the record, we are of the opinion that the findings of the court are sustained by the weight of the evidence.

The judgment of the trial court is affirmed.

The Supreme Court acknowledges the aid of Attorneys J. E. Thrift, C. J. Davenport, and Fred A. Speakman in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Thrift and approved by Mr. Davenport and Mr. Speakman, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL. C. J., OSBORN. V. C. J., and BUSBY. PHELPS, and GIBSON, JJ., concur.