## McCLELLAN et al. v. SMITH et al.

No. 27095.    May 25, 1937.

Rehearing Denied June 15, 1937.

Hill & Hill, for plaintiffs in error.

Mauntel & Spellman, for defendants in error.

OSBORN, C. J. This is an appeal from the district court of Woods county, wherein G. B. and Marie McClellan, plaintiffs in error herein, were plaintiffs, and Stella Smith individually and as administratrix of the estate of Frank E. Smith, deceased, was defendant, defendant in error herein. Judgment was for defendant on her crosspetition, and plaintiffs appeal.

The suit was for possession of certain land, and the defendant in her answer asked for cancellation of a certain deed executed by the said Frank Smith on April 13, 1931, in favor of plaintiff Marie McClellan, which is the basis of plaintiffs' cause of action. The deed was not recorded until June 13, 1932, and was then mailed to Marie McClellan at New Castle, Pa., and, so far as the evidence discloses, she had no knowledge of the existence of the deed until she received it through the mail. It appears from the record that Frank Smith had homesteaded the quarter section of land conveyed by the above-mentioned deed in about 1893, and had owned it at all times since; that in 1929, he entered into a correspondence with the defendant, Stella Smith, who lived in Kentucky, which culminated in their marriage during the same year. Soon after their marriage they returned to Oklahoma, but did not live upon this particular tract of land. After a few months' residence in Oklahoma they returned to Kentucky and in the latter part of 1930, Frank Smith returned to Oklahoma, leaving his wife in Kentucky. who during that year procured a divorce and a judgment for approximately $15,000 and lived separate and apart from the said Frank Smith thereafter. In the latter part of 1930, or in the early part of 1931, according to the evidence, Frank Smith built a house and improved the quarter section herein involved and moved on the same and continued to live there and occupy the same until his death in May, 1934.

During all the time he so occupied the premises he exercised dominion over the same and so far as the testimony discloses received all of the rents and profits derived therefrom. The rents to the amount of $493.67 for the year of 1933 were garnisheed in a proceeding in the federal court by Stella Smith against Frank Smith, and the garnishment was sustained. On August 8, 1933, the plaintiff Marie McClellan executed a power of attorney to Frank Smith authorizing him to manage and control the place for her, and on July 1, 1933, Marie McClellan, joined by her husband, conveyed by warranty deed the quarter section involved to G. B. McClellan, who, the

record shows, is the husband of Marie Mc-Clellan. It was alleged by plaintiffs and on the trial of the case was admitted that this deed was merely for the purpose of conveying the legal title to G. B. McClellan, and that the equitable title (if any she had) was to remain in Marie McClellan. The record further discloses that on June 6, 1931, subsequent to execution of the deed, Frank Smith filed a divorce proceeding in the district court of Woods county in which the petition was duly verified and wherein he described the quarter section of land involved and asked that the court adjudge it to be his individual property. It further appears that in the divorce proceeding in Kentucky by Stella Smith against Frank Smith, judgment was rendered against Frank Smith on various items amounting to about $15,000, and on June 6, 1932, this judgment had been reduced to judgment in the federal district court for the Western district of Oklahoma, and judgment rendered for the amount sued for against Frank Smith, which was just seven days prior to the recording of the deed here sought to be set aside, to wit, on June 13, 1932. The record further discloses that during the time Smith so occupied the land in controversy and after he moved on it in 1930 or 1931, he continued to make some additional improvements thereon through the years of 1931 and 1932.

On the trial of the case the deed in question was offered in evidence, which upon its face shows a consideration of $8,000, in cash, but no proof was offered as to whether or not the consideration ever passed other than as shown by the deed and the record discloses that no explanation was offered of any of the facts and circumstances established and relied upon by the defendant for cancellation of the deed. The judge trying the same and who had opportunity to see the witnesses decided from all of the facts and circumstances in evidence that it was not a bona fide transaction and during the progress of the trial suggested that the proof offered tended to establish and show a resulting trust, whereupon the defendant asked for and was granted leave to amend her answer in that particular. Thereafter the court rendered judgment for the defendant finding that the deed executed by Frank Smith to Marie McClellan conveyed only legal title and that the equitable title remained in Frank Smith and that the land conveyed belonged to and was a part of his estate at the time of his

death and should be administered by the administratrix of said estate.

In view of the facts and circumstances disclosed by the record to which we have called attention, and the further fact that there is a total failure of any proof of any negotiations leading up to the execution of the deed in controversy, no proof as to the consideration, no showing that any abstract was required or furnished, coupled with the fact that the deed was delivered by mail to the grantee at New Castle, Pa., and so far as the evidence discloses this was her first information concerning the transaction, renders the entire procedure so irregular and different from the things that ordinarily take place in a transaction of this character that we are unable to arrive at any other conclusion than that arrived at by the trial court, wherein it held that it was not a bona fide transaction and that the grantor, Frank Smith, clearly did not intend to part with the equitable title, that the deed from Marie McClellan to G. B. McClellan was void and that the tract of land sought to be conveyed was a part of the estate of the said Frank Smith, deceased, and subject to be administered upon as such. Plaintiff in error set forth eight assignments of error, all of which, except the second and sixth, go to the question of the sufficiency of the evidence to sustain the judgment of the trial court. The second assignment alleges that the action of the court in permitting defendant to amend her petition during the trial alleging a resulting trust constituted reversible error.

"Amendment [to pleadings] are favored * * * and in the furtherance of justice amendments generally should be allowed." Oklahoma, K. & M. R. Co. v. Wilson, 84 Okla. 118, 202 P. 275.

In the case of Owens v. Taylor, 90 Okla. 96, 213 P. 300, the following rule was announced by this court in the first syllabus:

"An amendment of the petition during the trial under the provisions of section 4790, Rev. Laws 1910 (section 251, O. S. 1931), is within the sound discretion of the trial court, and such action will not be disturbed on appeal in the absence of a showing of an abuse thereof."

There are numerous authorities on this point, but we deem those cited as sufficient and we think, in view of the same, together with the facts and circumstances and the reasonable inferences that may be drawn therefrom, the court was fully justified in

permitting the amendment to be made during the trial of the case. It in no wise changed the course of the proceedings or made it necessary for defendant to procure or introduce any other or additional evidence than that which she might have introduced under the original allegations in the pleadings, but the amendment was made at the suggestion of the court and to make the pleadings conform to the facts proved.

The sixth assignment of error is that the court erred in its conclusions of law. We are of the opinion that the trial court made a proper application of the law to the facts as established at the trial, wherein it held that there was a resulting trust arising by reason of the facts and circumstances surrounding this conveyance. In the case of Cousins v. Wilson, 94 Okla. 29, 220 P. 923, this court announced the following rule with reference to resulting trusts:

"'Resulting trusts' are those which arise where the legal estate in property is disposed of, conveyed, or transferred, but the intent appears or is inferred from the terms of the disposition, or from accompanying facts and circumstances, that the beneficial interest is not to go to or be enjoyed with the legal title.

"In such case, a trust is implied or results in favor of the person for whom the equitable interest is assumed to have been intended, and whom equity deems to be the equitable owner, under section 8462, Compiled Oklahoma Statutes 1921, providing, inter alia, that no trust in relation to real property is valid unless created by operation of law."

In the case of Tolon v. Johnson, 104 Okla. 201, 230 P. 865, it was held as follows:

"A resulting trust is one which arises where the legal estate in property is disposed of, conveyed or transferred, but the intent appears or is inferred from the terms of the disposition, or from accompanying facts and circumstances, that the beneficial interest is not to go to or be enjoyed with the legal title. In such a case a trust is implied or results in favor of the person for whom the equitable interest is assumed to have been intended, and whom equity deems to be the real owner."

Following these authorities we hold that there is no virtue in plaintiffs' contention in this particular.

The well-established rule of this court is that in cases of equitable cognizance the Supreme Court will not set aside the trial court's findings of facts unless it appears after consideration of the entire record that such findings are clearly against the weight of the evidence. Among some of the more recent decisions sustaining this rule are the cases of Harman v. Frank, 178 Okla. 560, 63 P. (2d) 54, and Murphy v. Knox, 178 Okla. 436, 63 P. (2d) 98.

We therefore find that the judgment of the trial court should be, and is hereby, affirmed.

WELCH, PHELPS, CORN, and HURST, JJ., concur.