## SMITH v. FOURTH NATIONAL BANK OF TULSA.

No. 27236.   Nov. 16, 1937.

Neal E. McNeill and Campbell & Biddison, for plaintiff in error.

Chas. L. Yancey, G. C. Spillers, and E. M. Calkin, for defendant in error.

PER CURIAM. On the 18th day of August, 1933, the plaintiff, the Fourth National Bank of Tulsa, commenced an action against the defendants, John T. Smith and M. F. Powers, to foreclose a note and mortgage on real estate. Proceedings were instituted by the defendants under the State Moratorium Law, and in order to defeat the delay incident to such proceedings plaintiff filed an action in the district court of Chautauqua county, Kan., to foreclose the same note and mortgage, which also included Kansas land, and proceeded to a judgment and sale of the Kansas land for the sum of $1,500. The answer and cross-petition of the defendants was not filed in this action until the 16th day of June, 1934. On December 8, 1934, the plaintiff filed what was called an amended petition setting up the proceedings in the Kansas court, and on the 21st day of December, 1934, the defendants secured an order granting them until January 2, 1935, in which to plead or answer, and on January 2, 1935, the defendants filed a motion to strike the amended petition for the reason that it changed the entire cause of action. On February 4, 1935, the trial court sustained the defendants' motion and struck the amended petition. The term of court expired, and at a subsequent term of court the plaintiff filed a motion to reconsider the action of the court in striking the plaintiff's amended petition and for leave to designate the amended petition as a supplemental petition. On December 13, 1935, the court entered an order sustaining this motion and setting aside its former order striking the petition and permitting the plaintiff to file its amended petition as a supplemental petition. On January 4, 1936, the defendants filed a motion to vacate the order of December 13, 1935, on the ground that the last order was void. On the 14th day of April, 1936, the court overruled this motion and the appeal is from the order refusing to vacate the order of December 13, 1935.

A motion to dismiss has been filed upon the ground that the order is not a final order and comes within the terms and pronouncement of this court in Wells v. Shriver, 81 Okla. 108, 197 P. 460; Brooks v. Watkins Medical Co., 81 Okla. 82, 196 P. 956; Oklahoma City Land & Development Co. v. Patterson, 73 Okla. 234, 175 P. 934; Attaway v. Watkins, 171 Okla. 102, 41 P. (2d) 914. We are of the opinion and hold that the appeal must be dismissed. In Oklahoma City Land & Development Co. v. Patterson, supra, we said:

"An appeal does not lie to this court from an intermediate or interlocutory order made during the pendency of an action, which intermediate or interlocutory order leaves the parties in court to have the issues tried on the merits, unless the appeal sought to be taken comes within some one of the special orders from which an appeal is authorized by statute prior to final judgment in the main action."

In Attaway v. Watkins, supra, we said:

"Under section 528, O. S. 1931, which provides that an appeal may be taken from an order which involves the merits of the action or some part thereof, an appeal does not lie to this court prior to a final determination of the cause, from an intermediate or interlocutory order which strikes from the answer an alleged material defense, but which intermediate or interlocutory order leaves the parties in court to have the issues tried on the merits."

The final action of the court was to determine that the amended petition should be filed. It was evidenced by the order of December 13, 1935. On the 14th

day of April, 1936, therefore, the court merely refused to change this order of December 13, 1935. The case was still pending and undisposed of and by saving exceptions to the entry of the order, the errors complained of could be presented to this court after final judgment. Until there has been a final judgment disposing of the case, no appeal lies either from the action of the court on December 13, 1935, or the refusal of the court to vacate that order on April 14, 1936.

The appeal is, therefore, dismissed.

OSBORN, C. J., BAYLESS, V. C. J., and WELCH, PHELPS, CORN, HURST, and DAVISON, JJ., concur. RILEY and GIBSON, JJ., absent.