## SMITH v. FOURTH NAT. BANK OF TULSA.

No. 29465. Sept. 17, 1940.

Rehearing Denied Feb. 18, 1941.

Application for Leave to File Second Petition for Rehearing Denied April 23, 1941.

112 P. 2d 158.

William Cheatham, of Bristow, and N. E. McNeill and W. Val Jean Biddison, both of Tulsa, for plaintiff in error.

Yancey, Spillers & Bush, of Tulsa, and H. L. Douglass, of Oklahoma City, for defendant in error.

CORN, J. This is an appeal from the district court of Creek county. For convenience we shall refer to the parties as they appeared in the court below, the Fourth National Bank of Tulsa, plaintiff, and J. T. Smith, defendant.

The facts are substantially as follows: On August 18, 1933, the plaintiff brought suit for the balance due on a note given by the defendant, secured by real estate mortgages upon land located in Creek, Hughes, Seminole, Okfuskee, and McIntosh counties, and by another mortgage on land located in Chautauqua county, Kan. At about this same time a similar suit was filed in Kansas, in which defendant entered his appearance, and judgment was rendered against him and for foreclosure of the mortgage on the land in Kansas.

In June, 1934, defendant filed answer and cross-petition to the action in Creek county. December 12, 1934, with leave of the court, the plaintiff filed what was termed an "amended petition," alleging rendition of the Kansas judgment, sale of the security, credit to which defendant was entitled by reason thereof, and asking judgment for the balance and a foreclosure of the property in this jurisdiction. January 2, 1935, defendant moved to strike this pleading, which the court ordered on February 4, 1935.

November 6, 1935, the plaintiff filed a motion "To reconsider action of the court in striking plaintiff's amended petition and for leave to designate amended petition as supplemental petition." This motion was sustained December 13, 1935, and the order of February 4, 1935, was vacated. Then, on January 4, 1936, the defendant filed his motion to vacate the order of December 13, 1935, which motion was denied, and from this order the defendant appeals. See Smith v. Fourth Nat. Bank of Tulsa, 181 Okla. 280, 73 P. 2d 414.

This court has repeatedly announced that it is not the name given a pleading, but the subject-matter contained, that is controlling. See Hocker v. Rackley, 90 Okla. 83, 216 P. 151. The reason for this rule is easily understood, the intention of a court of law being to act in the furtherance of justice. To lay down a rule to the effect that the name given a pleading is to control its admissibility would be announcing that unless the pleader's facts fitted entirely under a particular title, his plea would be considered bad and his cause lost.

This rule was first announced in the early case of Wade v. Gould, 8 Okla. 690, 59 P. 11. The court said:

"It is the function of a supplemental petition to supply the facts which may be necessary to a complete determination of the rights of the plaintiff and defendant touching the subject-matter of the suit, upon the facts existing at the time of the rendition of the judgment, and which would vary the relief to which the plaintiff would have been entitled at the commencement of the action; and it is in the sound discretion of the court to allow such an amendment."

This same rule has been consistently followed by this court. See Hocker v. Rackley, supra; Winn et al. v. Krow, 144 Okla. 110, 289 P. 756; and Harmon v. Hines et al., 160 Okla. 120, 16 P. 2d 94.

The thing to consider here is whether the so-called "amended petition" changed the cause of action in any substantial form. By the matter pleaded, this being the Kansas judgment, the defendant was in no way prejudiced. He was placed in a more favorable position by reason of the fact that he would be given a certain credit on any judgment rendered against him in the district court of Creek county.

Section 256, O. S. 1931 (12 Okla. St. Ann. § 321) provides:

"Either party may be allowed, on notice, and on such terms, as to costs, as the court may prescribe, to file a supplemental petition, answer or reply, alleging facts material to the case, occurring after the former petition, answer or reply."

In the case of Federal Life Ins. Co. v. Bartlett, 183 Okla. 189, 80 P. 2d 587, we find the following language:

"One of the earlier cases deciding this point is Wynnewood Cotton Oil Co. v. Moore, 54 Okla. 163, 153 P. 633. This case discusses the question at some length, tracing the problem from the Kansas Code, from which our statute was taken (the same being section 256, O. S. 1931, 12 Okla. St. Ann. § 321) and citing numerous decisions from both the Kansas court and our own court. Paragraph 2 of the syllabus states:

" 'The statutes, and also the decisions of the courts of this state, are extremely liberal in permitting amendments to pleadings so long as such amendments are in furtherance of justice, and amendments which even change the cause of action may be permitted, provided they do not substantially change the plaintiff's claim.'

"The defendant fails to point out wherein it was prejudiced by the action of the trial court in overruling the motion to strike. Inasmuch as the rule is well established that supplemental pleadings are within the discretion of the trial court, in absence of an abuse of discretion, we find no error in the action of the trial court in overruling the motion to strike. See Clem Oil Co. v. Oliver, 106 Okla. 22, 232 P. 942; McClellan v. Smith, 180 Okla. 348, 68 P. 2d 875."

The above case is more or less a converse of the case at bar. In that case plaintiff filed a supplemental petition, alleging additional installments which had become due subsequent to the filing of the original petition, and the court allowed such amendment. In this case plaintiff sought by the supplemental petition to give the defendant credit for the amount of a foreclosure sale of property located in a foreign state. The defendant was in no way prejudiced, nor does he so contend.

A part of the finding of facts by the trial court is as follows:

"* * * but the defendant at the hearing today defended upon only one ground and that was the jurisdictional question hereinbefore set forth. The plaintiff offered its evidence and the defendant objected to the introduction of any evidence on the ground that the court had no jurisdiction to hear and determine the case, which was overruled."

The defendant's principal contention is that the cause of action upon the promissory note, set forth in the original petition, was entirely destroyed and completely extinguished when the district court of Kansas rendered judgment upon said note.

We have examined all the authorities cited by the defendant in support there-

of and find the facts are distinguishable from the facts in this case.

Section 256, O. S. 1931 (12 Okla. Stat. Ann. § 321), permitting the filing of a supplemental petition, was taken from the Kansas Code. The Kansas court has construed a situation similar to the case at bar in Teberg v. Swenson, 4 P. 83. This was an action in the justice court in which the plaintiffs filed a suit upon two promissory notes which were attached as exhibits to the bill of particulars. Plaintiffs recovered judgment in the justice court, and defendant appealed to the district court. There the plaintiffs asked and were granted leave to file an amendment to the bill of particulars, alleging that the notes had been reduced to judgment. The court held:

"There are two principal questions involved in this case: (1) Did the court below err in permitting the plaintiffs below to amend their bill of particulars, and in refusing to strike the amended bill of particulars from the files of the court? (2) Did the court below err in rendering judgment in favor of the plaintiffs and against the defendant upon the pleadings, the evidence, and the findings of the court below? Or, in other words, are the pleadings, the evidence, and the findings of the court below suficient to authorize the judgment rendered by the court below in this case? There are some other questions presented by the brief of counsel for plaintiff in error (defendant below), but we do not think it necessary to consider the same, for the decision of the two principal questions involved in the case will control the decision of the entire case.

"We cannot say that the court below erred materially in this case. We think the court below, in its discretion, had authority to permit the plaintiffs to amend their bill of particulars as they did. We think the evidence introduced on the trial proves the facts alleged in the plaintiffs' second and last amended bill of particulars, and that the evidence sustains the findings of the court below; and we think the pleadings, the evidence, and the findings of the court below authorize the judgment rendered by the court below.

"The plaintiffs' original bill of particulars stated a cause of action upon two promissory notes. The amended bill of particulars stated a cause of action upon a judgment rendered upon said promissory notes. The cause of action, therefore, stated in the original bill of particulars, and the cause of action stated in the amended bill of particulars, were substantially causes of action for one and the same debt. Such debt was for farming implements, and, as set forth in the original bill of particulars, it was evidenced by two promissory notes; but, as set forth in the amended bill of particulars, it was evidenced by a judgment rendered upon such notes. Therefore, though the two causes of action set forth in the original bill of particulars and in the amended bill of particulars were technically different, yet, in substance, they were the same, both being in fact for the recovery of the same original debt for farming implements. * * *"

There are other contentions of the defendant, but they are without substantial merit. The judgment of the trial court is affirmed.

BAYLESS, C. J., and RILEY, HURST, and DANNER, JJ., concur.