## SMITH v. FOURTH NAT. BANK OF TULSA.

### No. 2837.

Circuit Court of Appeals, Tenth Circuit.

March 15, 1944.

George Jennings, of Sapulpa, Okl. (Heber Finch and J. T. Smith, both of Sapulpa, Okl., on the brief), for appellant.

Kavanaugh Bush, of Tulsa, Okl., for appellee.

Before PHILLIPS, BRATTON, and MURRAH, Circuit Judges.

BRATTON, Circuit Judge.

This case is an epilogue to litigation in the courts of two states. The Fourth National Bank of Tulsa, Oklahoma, instituted actions against J. T. Smith, one in the district court of Creek County, Oklahoma, and the other in the district court of Chautauqua County, Kansas. Both actions were to recover judgment on the same promissory note, but to foreclose separate mortgages securing such note. The court in Kansas rendered judgment for the amount due on the note and foreclosed the mortgage on the land in that state; Smith appealed; and the judgment was affirmed, 141 Kan. 858, 44 P.2d 242. Thereafter a so-called amended petition was filed in the case in Oklahoma in which the rendition of the judgment in Kansas was pleaded, and it was alleged that the proceeds from the sale of the land in Kansas reduced the balance due on the judgment to an amount named. Judgment was prayed for the balance then due on the judgment together with foreclosure of the mortgage on the land in Oklahoma. On motion of Smith, the court struck the amended petition; later, on motion of the bank, the court vacated the order striking the amended petition and reinstated such pleading; Smith appealed; and the appeal was dismissed on the ground that the order was not one from which an appeal would lie. 181 Okl. 280, 73 P.2d 414. Thereafter the court rendered judgment on the merits in favor of the bank; Smith appealed; the judgment was affirmed, 189 Okl. 1, 112 P.2d 158; and certiorari was denied, 314 U.S. 648, 62 S.Ct. 92, 86 L.Ed. 520.

Smith then instituted in the United States Court for Northern Oklahoma this action against the bank. It was alleged in the amended complaint that the filing of the amended petition in the action in Creek County, pleading the judgment rendered in Kansas, constituted an abandonment of the original cause of action on the note and amounted to an effort to plead a new and independent cause of action based on the Kansas judgment; that under the settled law in Oklahoma the court was without jurisdiction to entertain such new and independent cause of action; that when the court struck the amended petition because of such departure, the bank was without any pleading in the case; that the order striking the pleading was a final order which terminated the jurisdiction of the court; that the subsequent order vacating the order striking the amended petition and reinstating such pleading was void because the court was without jurisdiction in that the term had expired; that the final judgment was void; and that the threatened sale of the land covered by the mortgage would place a cloud on plaintiff's title and destroy the merchantability of such title. The prayer was for an adjudication that the judgment rendered in the state court was void; that such judgment be cancelled; and that the bank be enjoined from exerting any effort to enforce it. The court below dismissed the action, and Smith appealed.

The order of the court in Creek County in vacating its former order striking the amended petition and reinstating such pleading, and the final judgment on the merits, are attacked on substantially the same grounds as were urged without avail in the supreme court of the state. Summed up, the argument is that under the settled law of the state the order and judgment were void for want of jurisdiction.

There is no diversity of citizenship in this case. Jurisdiction is rested solely on an asserted violation of the equal protection and due process clauses of the Fourteenth Amendment. The court in Creek County had jurisdiction of the subject matter and of the parties. And, even though the decision of the supreme court of the state affirming the judgment in that action may have been contrary to principles or doctrines established by earlier decisions, and even though it may have been wrong, questions on which we express no opinion, it was not on that account alone an infraction of due process or equal protection, and therefore does not present any justiciable Federal question here. Patterson v. State of Colorado, 205 U.S. 454, 27 S.Ct. 556, 51 L.Ed. 879, 10 Ann.Cas. 689; Brinkerhoff-Faris Trust & Savings Co. v. Hill, 281 U.S. 673, 50 S.Ct. 451, 74 L.Ed. 1107; Bristow Battery Co. v. Board of Com'rs, 10 cir., 37 F.2d 504, certiorari denied, 282 U.S. 843, 51 S.Ct. 23, 75 L.Ed. 748.

Affirmed.