## SNODGRASS v. THOMSON.

No. 33422. Oct. 18, 1949.

Rehearing Denied Nov. 15, 1949.

*211 P. 2d 521.*

C. H. Bowie, of Pauls Valley, for plaintiff in error.

George M. Nicholson, of Oklahoma City, for defendant in error.

HALLEY, J. The plaintiff in error was defendant below and the defendant in error was plaintiff below. They will be so referred to here.

This case involves the question of whether a quitclaim deed given by the defendant to the plaintiff was a deed or a mortgage. The land in question was the south half of the northwest quarter of the northwest quarter (S/2 NW/4 NW/4) of section 17, township 3 north, range 2 east I.M., Garvin county, Oklahoma. The defendant acquired title to the land in January, 1924, by warranty deed, but subject to a mortgage to James Thomson for $450. The defendant, due to reverses, was unable to pay the mortgage indebtedness or to keep the ad valorem taxes on the property paid. In June, 1941, Faye L. Thomson, the widow of James Thomson, he being deceased and she having succeeded to his rights, brought suit (case No. 13294, district court, Garvin county) to foreclose the mortgage. On February 2, 1942, a judgment of foreclosure was taken in that case. The minutes of the court clerk showed that "the notes and mortgage were introduced, surrendered and cancelled. Two witnesses were sworn and testimony heard. Judgment for plaintiff foreclosing mortgage, all as per J.E." No journal entry was ever filed. The appearance docket showed "full and complete satisfaction of the judgment is hereby acknowledged this Aug. 17, 1942. S. D. Williams, atty. for plaintiff." In case No. 13294, the plaintiff was represented by S. D. Williams and the defendant by Carol J. Moody. Counsel for plaintiff had been very indulgent with the defendant and his counsel in this foreclosure matter, but finally insisted that something had to be done, and defendant's counsel told him that his client would either pay the indebtedness or give the mortgagee a deed. The defendant gave his lawyer a quitclaim deed to the land, dated August 14, 1942, in which Mrs. Thomson was grantee. The defendant contends that he placed the deed with his lawyer to be given to plaintiff's attorney, Mr. Williams, with the understanding that he would be allowed to redeem the property within six months to a year. His lawyer, when he delivered the deed to Mr. Williams, never placed any such qualification on the delivery but delivered the deed and had the judgment in the foreclosure satisfied. A gas well was brought in on these premises, and on April 5, 1943, the defendant filed an affidavit, entitled caveat emptor, in the office of the county clerk of Garvin county, claiming title to the land in question. Faye L. Thomson brought suit on the 7th day of February, 1944, to quiet title in the land in question in herself. Mrs. Thomson died, and the case was revived in the name of her son, James Dale Thomson, her sole heir and devisee.

There was a sharp conflict in the testimony between the defendant and Mr. S. D. Williams. The defendant testified that Mr. Williams told him that if he would pay $325 on the debt, he would return the deed to him. Mr. Williams emphatically denied this, and stated that there were no strings on the deed given him and that he would not have canceled the judgment otherwise. There was no real conflict in the testimony of Mr. Moody, defendant's attorney, and Mr. Williams. Mr. Williams is not an attorney in this action.

There was nothing in the quitclaim deed itself that would indicate it was intended as a mortgage. The burden was on the defendant to establish that the deed was intended as a mortgage. Renas v. Green, 88 Okla. 169, 212 P. 755; Villines v. Conatser, 151 Okla. 144, 2 P. 2d 1024.

The defendant did not establish this fact to the satisfaction of the trial court who heard the witnesses and all the evidence bearing on the case.

It is also to be borne in mind that in this case the defendant was no longer indebted to the plaintiff after the delivery of the quitclaim deed, since the record definitely reveals that the note and mortgage were canceled in judgment and that the judgment was satisfied in full. Defendant's lawyer saw to it that the judgment was satisfied. The rule as found in 59 C.J.S. Mortgages, sec. 443, supported by decisions from many jurisdictions, is that if the deed satisfied and extinguished the obligation so that no debt remained due from the grantor to the grantee, it cannot be held a mortgage. That the original debt of defendant to plaintiff was wiped out on the delivery of the quitclaim deed, was the correct conclusion under the evidence.

At best, all the defendant had under this view of the evidence was a right to re-conveyance of the land in case he could pay. But the evidence does not sustain his contentions. He is the sole witness on this point. There is nothing in the record to show that plaintiff ever consented to the proposition of re-conveyance, and no such authority was shown to have been conferred upon his attorney. Speed et ux. v. Farriss et al., 189 Okla. 84, 113 P. 2d 595.

There is considerable difference between placing a deed in escrow, to be delivered under certain conditions, and placing it with one's attorney for the purpose of clearing up a mortgage foreclosure. The general rule is that an instrument cannot be deposited with the agent or attorney of the obligor or obligee, but under some instances he may act as such, as an individual, but not as an agent. Maynard, Ex'r, et al. v. Husted et al., 185 Okla. 20, 90 P. 2d 30. Mr. Moody was the attorney for the defendant in delivering the deed and having the judgment satisfied, and working for what he thought was his client's best interest. See 30 C.J.S. Escrows, sec. 7.

This case being one of equitable cognizance, we would not be justified in setting aside the judgment of the trial court unless the same was against the clear weight of the evidence, and this certainly we cannot do in face of the entire record. Murphy v. Knox et al., 178 Okla. 436, 63 P. 2d 98; Payne v. Wade, 190 Okla. 222, 122 P. 2d 144; Pauls Valley National Bank v. Foss, 99 Okla. 178, 226 P. 567; Kilgore v. Parrot, 197 Okla. 77, 168 P. 2d 886.

Judgment affirmed.

DAVISON, C.J., and WELCH, CORN, GIBSON, LUTTRELL, JOHNSON, and O'NEAL, JJ., concur.