SMITH v. FOURTH NAT. BANK OF TULSA et al.

No. 33886. · Nov. 28, 1950.

Rehearing Denied Jan. 30, 1951.

*226 P. 2d 948.*

Logan Stephenson, F. C. Swindell, O. C. Lassiter, and Earl Truesdell, Tulsa, and Tom Wallace, Sapulpa, for plaintiff in error.

Bush, Gable & Gotwals, Williams, Boesche & McDermott, Hulette F. Aby, and Spillers & Spillers, Tulsa, for defendants in error.

JOHNSON, J. This case reflects several years of almost continuous litigation, all arising out of a single transaction, wherein in 1931 the plaintiff in error executed a note to the Fourth National Bank of Tulsa, Oklahoma, secured by a mortgage on property in five counties in Oklahoma, and a separate mortgage on property in one county in the State of Kansas. In 1933, the note and mortgages being in default, suit was instituted in the district court of Creek county, Oklahoma, and in the district court of Chautauqua county, Kansas, for a money judgment on the note and for foreclosure of the mortgages. The action in Kansas was tried first, and judgment was rendered in favor of the bank against plaintiff in error for a personal judgment upon the note and for foreclosure of the mortgage. That judgment was appealed by plaintiff in error to the Supreme Court of Kansas, and the judgment was affirmed, 141 Kan. 858, 44 P. 2d 242. Thereafter an instrument designated as an amended petition was filed in the district court of Creek county, Oklahoma, in which the rendition of the judgment in Kansas was pleaded and it was alleged that the proceeds from the sale of the land in Kansas reduced the balance due on the judgment to the amount named. Judgment was prayed for in the district court of Creek county for the amount then due on the judgment together with foreclosure of the mortgage on the lands in Oklahoma. On the motion of the plaintiff in error, the district court of Creek county struck the amended petition; later, on motion of the bank, the court vacated the order striking the amended petition and reinstated the pleading. Plaintiff in error appealed. The appeal was dismissed on the ground that the order was not one from which an appeal would lie, Smith v. Fourth National Bank of Tulsa, 181 Okla. 280, 73 P. 2d 414. The case proceeded to trial in the district court of Creek county, and the plaintiff in error contended that the court had no jurisdiction. The court rendered judgment in favor of the bank, and the plaintiff in error appealed the case to this court, Smith v. Fourth National Bank of Tulsa, 189 Okla. 1, 112 P. 2d 158. Certiorari denied, 314 U. S. 648, 62 S. Ct. 92, 86 L. Ed. 520 (for a complete statement of the contentions of plaintiff in error, see above-cited cases).

The lands in Oklahoma were thereafter sold at sheriffs' sales, sheriffs' sales were confirmed, and the sheriffs' deeds were issued. The bank thereafter disposed of all the property, and most of the defendants in error appear to have derived their interest from the bank which acquired its title at sheriffs' sales.

Thereafter plaintiff in error filed an action in the United States District Court for the Northern District of Oklahoma, seeking to vacate the proceedings in the district court of Creek county, Oklahoma, which had been affirmed as shown in the above-cited cases, supra. In this action he alleged that the action of the Supreme Court of Oklahoma in affirming the judgment of the district court of Creek county was contrary to principles and doctrines established by earlier decisions, and that by reason of the failure of this court to follow the prior decisions, plaintiff in error had been deprived of his property without due process of law and had not been granted equal protection of the law.

The United States District Court rendered judgment in favor of the bank and against the plaintiff in error, and the action was appealed to the Tenth Circuit Court of Appeals. The Circuit

Court of Appeals affirmed the judgment of the United States District Court, 141 F. 2d 294. The court by that decision held that the action filed by the plaintiff in error did not present any justiciable federal question.

On January 26, 1946, approximately two years after the above decision in the federal court, plaintiff in error filed his petition to vacate the original judgment rendered by the district court of Creek county, Oklahoma, on March 20, 1939. In support of the petition to vacate the judgment, plaintiff in error alleged that the pretended judgment and the sales had thereunder are void upon the face of the judgment roll in that long prior to the entry of said pretended judgment the cause of action on the note sued on had been merged in a personal judgment in the State of Kansas; that the foreign judgment obtained in the State of Kansas was barred by the statute of limitations; that the mortgage sought to be foreclosed was extinguished by lapse of time; that a final order had been made terminating the litigation by sustaining the motion to strike the amended petition; that the court was wholly without jurisdiction of the subject matter; that the court was without power or jurisdiction to render the judgment; and that by reason thereof the judgment was void and should be vacated, notwithstanding the fact that it had been appealed and affirmed by this court.

The trial court sustained demurrers to the petition to vacate the judgment, and it is urged by plaintiff in error on this appeal that the trial court erred in sustaining the demurrers of defendants herein.

This argument is without merit. This is the third appeal to this court involving the issues in the case at bar, Smith v. Fourth National Bank of Tulsa cases, supra. In the case of Smith v. Fourth National Bank of Tulsa, 189 Okla. 1, 112 P. 2d 158, supra, this court, in our opinion, decided all the material questions presented in the case at bar.

Where from an examination of the record and the briefs of appellant it conclusively appears that all of the material matters presented in appeal had been determined in a prior appeal between the same parties or their privies, the order of the trial court sustaining demurrers to the petition to vacate the judgment will be affirmed.

Affirmed.

DAVISON, C.J., and GIBSON, LUTTRELL, and O'NEAL, JJ., concur.

No. 33858. Dec. 26, 1950.
Rehearing Denied Jan. 30, 1951.