### DEWEY PORTLAND CEMENT CO. v. DUNHAM.

No. 21782.   Jan. 23, 1934.

Holliman, Bailey & Brewer, for plaintiff in error.

Pennel & Harrison, for defendant in error.

BUSBY, J. This is an action for damages arising out of an automobile collision. The defendant in error, Gertrude Dunham, was the plaintiff in the trial court. She sought to recover $10,000 damages for personal injuries alleged to have been sustained by her and $500 damages for injuries to her automobile. The cause was tried to a jury, resulting in a judgment for $2,500 in favor of the plaintiff and against the defendant Dewey Portland Cement Company (plaintiff in error herein). The case comes to this court on appeal.

The plaintiff in error has filed a brief containing 86 pages. Nine assignments of error are grouped and presented under five propositions. The arguments presented in the brief are ingenious, and in some respects plausible, but not convincing. However, not a single case is cited in support thereof. The only reference to authority in support of the legal arguments made is one quotation from the text of R. C. L., which accurately states the general law applicable, but does not directly deal with the alleged errors specified. In the case of Blue v. Board of County Commissioners, 82 Okla. 178, 198 P. 850, this court said:

"A plausible but not convincing argument in the brief, unsupported by citation of authorities, is not sufficient to overcome the presumption indulged by the Supreme Court in favor of the correctness of the judgment of the trial court."

To the same effect are the cases of Chesnut & Smith v. Lynch, 84 Okla. 199, 202 P. 1018, Carignano v. Box, 97 Okla. 184, 223 P. 673. In the case of Jennings v. Jennings, 95 Okla. 90, 218 P. 703, Mr. Justice Kane, speaking for this court, said:

"Assignments of error presented by counsel in their brief, if unsupported by authority, will not be noticed by the Supreme Court on appeal, unless it is apparent without further research that they are well taken."

Complaint is made of the insufficiency of the evidence to support the verdict; that the verdict is excessive and apparently the result of passion or prejudice; that the court erred in instructing the jury, and that incompetent evidence was improperly admitted.

We have examined the evidence, considered the instructions of the court, and reviewed the rulings on questions of law arising during the course of the trial. While the evidence is conflicting, the verdict is reasonably supported thereby. The instructions fairly state the law. No substantial error appears in the rulings of the trial court during the course of the trial. The judgment of the lower court is affirmed.

RILEY, C. J., CULLISON, V. C. J., and ANDREWS and OSBORN, JJ., concur.