## SIMS v. FIRST NAT. BANK OF MANGUM et al.

No. 25245.　Sept. 25, 1935.

Rehearing Denied Dec. 3, 1935.

W. B. Garrett and Ross Cox, for plaintiff in error.

Percy Powers, for defendants in error.

PER CURIAM. This action was commenced in the district court of Greer county, Okla., on March 23, 1933, by Donnie Sims against the First National Bank of Mangum, Okla., setting forth two causes of action in her verified petition, the first alleging that on or about the 21st day of February, 1931, a certain Ida Saunders deposited the sum of $100 with the defendant bank, and received therefor its certificate of deposit No. 6163, by the terms of which the said bank became liable to pay to the said Ida Saunders, or order, 12 months after date, said sum, with interest thereon at the rate of 4 per cent. per annum from said date of issuance, subject to the right reserved by the bank to require 30 days' written notice prior to withdrawal. That in the year 1932, no more specific date being alleged, the said Ida Saunders, by manual delivery, conveyed, assigned, transferred

and delivered said certificate of deposit to the person herein, who since said time, and at the time of the filing of her petition herein, was the owner and holder of said certificate.

That on or about the 22nd day of March, 1933, the plaintiff tendered said certificate of deposit to the issuing bank for payment thereof, but that payment was refused. The bank did, however, on said date, in writing, waive its right to the 30 days' notice of demand for the payment thereof, and plaintiff prayed judgment on this cause of action in the sum of $108.66, with interest thereon at the rate of 6 per cent. per annum from the 22nd day of March, 1933, for her costs, and for general relief.

Plaintiff's allegations in her second and remaining cause of action are identical with those set out in her first cause, except that she therein asks judgment against the defendant bank for the sum of $215.42, with interest thereon at 6 per cent. per annum, this representing a certificate of deposit No. 6176 issued by the same bank on the 14th day of April, 1931, this certificate of deposit being in the principal sum of $200.

Plaintiff attaches to her petition, and makes parts thereof, copies of said certificates of deposit, identifying them as exhibits "A" and "D," respectively; the written demand of plaintiff on said bank for the said certificates of deposit, identifying it as exhibit "B," and of the waiver of said bank admitting the presentation for payment and refusing payment, for the reason that same were payable to Ida Saunders, bears no indorsement, and that demand for the payment had been made by Jack Saunders, as administrator of the estate of deceased; that the ownership of said certificates of deposit, being in dispute, payment was refused to either party until the certificates were properly indorsed and presented and their ownership determined. The bank in the same instrument waived its right to the 30 days' notice of demand for their payment, this instrument being identified as exhibit "C."

That on April 3, 1933, J. C. Saunders, as administrator of the estate of Ida Saunders, deceased, filed his motion and sworn p'ea of intervention herein, in which he denied each and every material allegation in plaintiff's petition unless otherwise admitted therein, and demanded strict proof thereof; that he admitted the death of Ida Saunders and shows that on the 31st day of August, 1932, letters of administration were issued to him by the county court of Greer county, Okla., upon her estate, supporting such appointment by a copy of such letters, marking them exhibit "A." He admits the issuance of two certificates of deposit to Ida Saunders, as alleged by plaintiff, and claims that they are the property of her estate; that he, as such administrator, is entitled to collect thereon, and that no other person is entitled so to do; that his demand upon the issuing bank for their payment has been refused.

He further denies that said deceased ever made any transfer or assignment of any kind of said certificates of deposit to the plaintiff, or to any other person, but, on the contrary, alleges that plaintiff obtained possession of them by some trick or artifice, and without the knowledge or consent of the deceased 'during her lifetime; that he asked for judgment against the bank for the sum of $300, and interest thereon, as provided in said certificates, for his costs, and all other further and proper relief.

That on April 20, 1933, the defendant bank filed its answer herein admitting the issuance of the certificates of deposit in question, as alleged by plaintiff; that same were then in her possession without the indorsement thereon of the name of Ida Saunders; that J. C. Saunders, administrator of her estate, is a necessary party to this action, and that it, the bank, will pay the sums due on said certificates to the person found to be entitled thereto, and disclaims any interest in them, or the money they represent.

That on May 24, 1933, plaintiff filed her verified separate replies and answers to the answers of intervener and defendant bank, denying every allegation in each except such as may have admitted the allegations of the plaintiff, and praying judgment as prayed in her petition.

Issues being joined, this cause was tried to a jury on June 13, 1933, which found for the intervener, J. C. Saunders, as such administrator, and plaintiff below, Donnie Sims, lodged her appeal therefrom in this court on December 11, 1933. The defendant bank having disclaimed any interest in the certificates of deposit, is not a party to this appeal.

At the trial of this cause the plaintiff testified that she was a sister of the deceased, Ida Saunders, who was the wife of J. C. Saunders, intervener herein; that she died in a hospital at Mangum, Okla., on the 14th day of August, 1932; that she saw the deceased from the 7th day of August, 1932,

until her death; that she had and has had the certificates of deposit, which are the subject-matter of this suit, since August 9, 1932; that she got them at her sister's home in the bottom of her trunk in an old purse, being accompanied at the time by another sister, Mrs. M. L. Grover, and a sister-in-law, Mrs. Roxie Smith; that she made demand on the issuing bank for the cash thereon and was refused; that she did not inform Saunders that she had the certificates of deposit until after he had been appointed administrator.

Roxie Smith testified that she was a sister-in-law of plaintiff and deceased; that she was present and heard a conversation between the deceased and the plaintiff while the former was in the hospital, in which conversation the deceased stated to the plaintiff that she wanted her to "go out to my place and get those certificates * * * I want you to have them. That is yours." That they got the certificates where the deceased said they were, and that the deceased subsequently repeated substantially that above quoted, as to her wanting the plaintiff to have them; that in so far as the witnesses knew, the deceased never saw the certificates after the plaintiff had gotten possession of them.

Mrs. M. L. Grover testified that she was a sister of the deceased and this plaintiff, and substantially corroborated the preceding witness as to the conversation between the plaintiff and the deceased concerning the certificates, adding that the deceased stated that she carried her business on separately from her husband. That "he doesn't know" and that she wanted her sister to have them.

The intervener offered evidence of certain witnesses having to do with the visits of plaintiff and others accompanying her to the home of the deceased, as testified to above, which testimony is of little value, if any, in deciding this case.

The intervener was recalled and testified as to the financial condition of the deceased at the time of her death, of his offer to surrender his claim to said estate to the plaintiff if she would pay its debts. This testimony was received over plaintiff's exception, the court thereafter, however, instructing the jury to give no consideration to such testimony in arriving at its verdict.

The plaintiff in her petition in error has presented eight assignments, in the body of her brief (3) and in the conclusion thereof

(4). These may, because of their repetition, be considered under two general propositions, the first being that the verdict of the jury in favor of the intervener is against the law and the evidence. The second that the court erred in the admission of the testimony of the administrator intervener as to the financial condition of the estate of the deceased, Ida Saunders, at the time of her death.

As to the first proposition, that is, that the verdict is against the law and the evidence, we have carefully examined the record presented on appeal to us, together with the briefs of the parties hereto, the instructions written by the court, and the authorities offered in support of the contentions set out in each, and as we view the law it is only necessary to examine such records so represented to us to determine whether there was any competent evidence submitted in the trial reasonably tending to support the verdict, and we are of the opinion there was. It has been held too often to call for citations that, where the verdict of the jury is reasonably supported by the evidence, the issues were submitted to the jury on appropriate instructions, and that no substantial error was committed by the trial court in ruling upon the question of law during the trial of the cause, the verdict of the jury, will not be disturbed for the reason so to do would be an invasion of the right to trial by jury.

As to the second proposition, that is, the reception of the testimony of the administrator as to the financial condition of the estate of deceased at the time of her death, and the fact that he was permitted to testify that unless he prevailed in this case he would have to pay the debts of deceased himself, plaintiff in error offers no authority whatever in support thereof, and this court has held that such assignments of error will not be noticed by the Supreme Court on appeal unless it is apparent without further research that they are well taken. See Dewey Portland Cement Co. v. Dunham, 167 Okla. 180, 28 P. (2d) 1096, and cases cited.

We are, therefore, of the opinion that the judgment of the trial court is correct, and should be, and is hereby, affirmed.

The Supreme Court acknowledges the aid of Attorneys Thos. W. Leahy, William B. Moore, and J. H. Kennedy in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After

the analysis of law and facts was prepared by Mr. Leahy, and approved by Mr. Moore and Mr. Kennedy, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion as modified, was adopted.

McNEILL, C. J., and BAYLESS, WELCH. PHELPS, and CORN, JJ., concur.