## FEDERAL LIFE INS. CO. v. BARTLETT.

No. 27938. May 24, 1938.

Rehearing Denied June 21, 1938.

Edwin A. Ellinghausen, for plaintiff in error.

Speakman & Speakman and Moraul Bosonetto, for defendant in error.

CORN, J. This is an appeal by plaintiff in error from a verdict and judgment rendered in the county court of Creek county, in an action by defendant in error. plaintiff below, to recover disability benefits allegedly due under a policy issued by plaintiff in error. Hereafter we will refer to the parties as they appeared in the trial court.

In his petition, in which was pleaded a copy of the policy, the plaintiff pleaded issuance of the policy March 24, 1927, which provided for waiver of premiums and payment of one per cent. of face value of policy each month, if plaintiff was totally disabled, until he reached 60 years of age. Plaintiff further alleged that he became totally and permanently disabled October 3, 1928, and defendant thereafter paid premiums from March 4, 1929, until February 4, 1936, when defendant ceased payment; plaintiff asked judgment for $357.52, and also asked court to grant leave to amend petition at trial to include any installments falling due between date of filing petition and time of trial.

Defendant filed motion to strike everything having reference to privilege of amending petition at date of trial, which motion the court overruled. The plaintiff filed an amended petition claiming installments, to which defendant's motion to make more definite and certain was overruled. November 30, 1936, after demurrer was overruled, defendant answered, setting up that

since February, 1936, plaintiff has not been wholly and permanently disabled by reason of his sickness such as would prevent him from engaging in remunerative occupation, and hence defendant was not indebted to plaintiff.

The jury returned a verdict for plaintiff for $781.97, representing the monthly installments alleged to be due over the period of time from February 4, 1936, to and including November 30, 1936.

Defendant's motion for new trial was overruled and defendant now assigns 15 specifications of error, which are presented under five propositions.

The defendant's first claim for reversal is based upon the trial court's action in overruling defendant's motion to strike the portion of plaintiff's amended petition which set forth:

"And that plaintiff should have the privilege of amending his petition at the date of the trial so as to include monthly installments, which may fall due between the filing of this petition and the date of trial or judgment herein."

Defendant contends each monthly installment that became due after filing of the third amended petition constituted a new cause of action; hence, to allow plaintiff to amend his petition to include installments becoming due after action was filed was prejudicial to defendant's case.

In the answer filed by defendant on November 30, 1936, the defendant set out "* * * that the plaintiff is now and has been on, before, and since the 4th day of February, 1936, physically able to engage in occupations for remuneration and profit."

By the terms of this answer the defendant joined issue with the plaintiff's petition, and upon this being called to the court's attention the plaintiff was allowed to file supplemental pleading to include installments falling due until date of this answer. The question, then, is whether the trial court had the right to permit the filing of supplemental pleading to meet the defendant's denial.

One of the earlier cases deciding this point is Wynnewood Cotton Oil Co. v. Moore, 54 Okla. 163, 153 P. 633. This case discusses the question at some length, tracing the problem from the Kansas Code, from which our statute was taken (the same being sec'ion 256, O. S. 1931), and citing numerous decisions from both the Kansas court

and our own court. Paragraph 2 of the syllabus states:

"The statutes, and also the decisions of the courts of this state, are extremely liberal in permitting amendments to pleadings so long as such amendments are in furtherance of justice, and amendments which even change the cause of action may be permitted, provided they do not substantially change the plaintiff's claim."

The defendant fails to point out wherein it was prejudiced by the action of the trial court in overruling the motion to strike, Inasmuch as the rule is well established that supplemental pleadings are within the discretion of the trial court, in absence of an abuse of discretion, we find no error in the action of the trial court in overruling the motion to strike. See Clem Oil Co. v. Oliver, 106 Okla. 22, 232 P. 942; McClellan v. Smith, 180 Okla. 348, 68 P.2d 875.

Defendant next assigns as error the overruling of defendant's demurrer to the plaintiff's third amended petition. Defendant claims the petition was demurrable: (1) Failure of plaintiff to plead his age, since by terms of policy insurer was not bound by disability of insured if past age of 60; (2) failure of plaintiff to plead anything but legal conclusions regarding his disability.

The plaintiff pleaded the policy itself as a part of his petition, and the age of the insured is plainly set out in the policy. Further, the plaintiff testified, without objection, that his age was 34. In his petition the plaintiff pleaded the policy, total disability arising October 23, 1928, payments for this disability after due proof was made, and the continuance of such disability, preventing plaintiff from engaging in remunerative occupation.

The defendant contends the petition was defective because plaintiff's physical condition was not fully set out in the petition, hence it became necessary for the trial court to indulge the presumption that, because the defendant had recognized the fact of plaintiff's disability, the same continued. Having alleged his disability and the nature and reason therefor, it then became a matter of defense for the defendant if plaintiff's disability was not permanent.

Defendant next complains of the giving of instructions Nos. 2 and 4. Instruction No. 2 told the jury that if they found the plaintiff wholly and permanently disabled and thereby prevented from engaging in remunerative occupation, and that such disability continued from February 4, 1936, to

November 30, 1936, it was the jury's duty to return a verdict for the plaintiff. The defendant also contends that the court had to presume that because plaintiff was wholly disabled at one time he was forever disabled.

The testimony in regard to the plaintiff's condition showed him to be suffering from a very serious case of diabetes. The medical testimony regarding his recovery and his ability to perform any remunerative occupation was conflicting. The instruction given fairly informed the jury as to the law to be applied to the facts as they found them, and the jury having resolved the issue in favor of the plaintiff, their verdict will not be reversed.

Defendant claims instruction No. 4 was not warranted under the evidence. This instruction told the jury that a failure to follow instructions and advice of physicians would not prevent recovery by the plaintiff, unless his disability would not have continued but for such neglect.

Defendant claims a failure of evidence regarding plaintiff's co-operation with physicians in an attempt to recover from his malady and regain his health. The defendant brought out the fact that plaintiff's father was a man of means, and plaintiff had himself at one time owned some property. The plaintiff then testified, over objection of defendant, to having spent between $8,000 and $9,000 for medical treatment. Yet defendant complains there was no evidence showing plaintiff co-operated in an attempt to regain his health. Furthermore, the evidence showed plaintiff had been, over the period of his disability, treated by a large number of doctors. This evidence, when considered with other facts and circumstances appearing in the record, was sufficient to justify the jury in finding that plaintiff had attempted to regain his health.

Defendant next alleges error in the admission of evidence regarding payment of premiums and waiver of premiums by defendant during plaintiff's disability. The plaintiff testified to the premiums being waived, and offered the waivers, in response defendant objected because this testimony was not the best evidence. The court held this testimony admissible, accompanied as it was by the tender of the waivers, and we can find no prejudice resulting to the defendant by reason of the trial court's action in so doing.

The argument is made in behalf of this same proposition that the court erred in admitting the testimony of plaintiff's wife in regard to payment of premiums. The plaintiff testified his wife was his agent in handling these matters. Section 272, O. S. 1931, provides that a husband or wife is incompetent to testify for or against the other, except "concerning transactions in which one acted as the agent of the other. * * *" Her agency being shown, this testimony was properly admitted.

Defendant objected to the admission of testimony, saying that agency cannot be proved by declarations of the agent himself. This is a true statement of the law, but the facts under the record make this rule of no application here, as agency was not established by agent's testimony, but by testimony of the principal.

As to proposition 5, defendant offers assignments of error 1, 2, and 3, all going to the sufficiency of the evidence and the law applicable under the evidence, and states these are supported by the same argument and authorities as support the previous propositions. We, therefore, consider it unnecessary to engage in a further discussion.

Finding no reversible error, the judgment of the trial court is affirmed.

BAYLESS, V. C. J., and PHELPS, GIBSON, and HURST, JJ., concur.