## McKINNEY v. PITTSBURGH & L. E. R. CO.

District Court, S. D. New York.

Jan. 31, 1944.

Gerald F. Finley, of New York City, and William H. DeParcq and Robert J. McDonald, both of Minneapolis, Minn. (Arnold B. Elkind, of New York City, of counsel, on the brief), for plaintiff.

Frederick L. Wheeler, of New York City (C. Austin White, of New York City, of counsel), for defendant.

GODDARD, District Judge.

In this action, brought under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., the jury returned a verdict of $130,-000 for plaintiff, and the defendant has moved to set aside the verdict as excessive. The plaintiff was 43 years of age, had earnings of $2,805.44 for the year of the accident, and suffered the loss of both feet, midway between ankle and knee, and other injuries.

It is my considered opinion that the motion of the defendant should be granted, unless the plaintiff shall stipulate to reduce the verdict.

The present cash value of future earnings, computed at 2% interest as based on indicated wages of 1943 of $2,805.44 on his life expectancy of 26 years amounts to $56,-448.25; allowing for the loss of earnings up to the time of the trial, and the cost of further operations on his leg and artificial legs of $3,000, makes $59,448.25, or approximately $60,000.

Taking the round figure of $60,000, all above that amount is to compensate him for pain and suffering, humiliation and disfigurement. Now it is very difficult to measure these in money, but their monetary value is not limitless; there must be some uniformity in verdicts for these elements of damage.

I find that if the $130,000 was invested at, say 2% in Government bonds, the plaintiff would receive $2,600, and at the end of his life there would still remain intact $130,000.

If the verdict had been for a certain lesser amount, I have no doubt that the plaintiff would move to set aside the verdict as inadequate and would quite properly, in my opinion, contend that the court had the power to do so.

I think that the members of the jury were unduly affected by sympathy. McKinney had a particularly winning and attractive personality and as he crept on his knees past the jury box to the witness stand and climbed upon the witness stand, he was quite an appealing sight.

My decision is that if the plaintiff shall stipulate to reduce the verdict to $100,000,

then the motion to set aside the verdict will be denied and judgment may be entered in that amount and costs. If not, the defendant's motion to set aside the verdict as excessive will be granted.