**ST. LOUIS–SAN FRANCISCO RAILWAY COMPANY, a foreign corporation, Plaintiff in Error,**

v.

**George S. KING, Defendant in Error.**

No. 35834.

Supreme Court of Oklahoma.

May 4, 1954.

Rehearing Denied Dec. 7, 1954.

Application for Leave to File Second Petition for Rehearing Denied Dec. 21, 1954.

848

---

James L. Homire, St. Louis, Mo., Satterfield, Franklin & Harmon, Oklahoma City, for plaintiff in error.

Horsley, Epton & Culp, Wewoka, Bishop & Driscoll, Seminole, for defendant in error.

JOHNSON, Vice Chief Justice.

This is an action under the Federal Employers' Liability Act, 45 U.S.C.A. § 51, et seq. with verdict and judgment for plaintiff in the amount of $100,000. Defendant has appealed.

Plaintiff, George King, was employed in interstate commerce by the defendant, St. Louis-San Francisco Ry. Co., a Missouri Corporation, on March 10, 1950, as a section laborer. While acting within the scope of his employment, unloading cross timbers, weighing about nine hundred (900) pounds each he was totally and permanently injured when a cross timber, leaning against the gondola car, shoved by a fellow employee, fell upon him.

Negligence of defendant is clearly evident from the record and inheres in the judgment. Lilly v. Grand Trunk Western R. Co., 317 U.S. 481, 63 S.Ct. 347, 87 L.Ed. 411.

■ Under Sec. 56 of F.E.L. Act, supra, plaintiff had the right to sue in a Federal District Court or in a State Court. Miles v. Illinois Central R. R. Co., 315 U.S. 698, 62 S.Ct. 827, 86 L.Ed. 1129, 146 A.L.R. 1104. Plaintiff having chosen courts of this state, the action must be prosecuted in accordance with our modes of procedure. Minneapolis & St. Louis R. R. Co. v. Bombolis, 241 U.S. 211, 36 S.Ct. 595, 60 L.Ed.

961, Ann.Cas.1916E, 505, L.R.A.1917A, 86 Okl.Anno.Conf.Laws, A.L.I., Sec. 592, Pocket Supp.; and, we have authority to examine the record, weigh the evidence and to determine whether the verdict and judgment should stand or whether it should be set aside and the cause retried, Parthun v. Elgin, J. & E. Ry. Co., 325 Ill.App. 408, 60 N.E.2d 464, and cases cited therein. However, this court's action above referred to is subject to the limitations found in Title 22 O.S.1951 § 1068, the harmless error statute, which provides:

"No judgment shall be set aside or new trial granted by any appellate court of this State in any case, civil or criminal, on the ground of misdirection of the jury or the improper admission or rejection of evidence, or as to error in any matter of pleading or procedure, unless, in the opinion of the court to which application is made, after an examination of the entire record, it appears that the error complained of has probably resulted in a miscarriage of justice, or constitutes a substantial violation of a constitutional or statutory right."

It is first contended by defendant that the court erred in permitting the plaintiff to prove the safety rules of defendant, because they were not pleaded; in permitting amendment to plaintiff's petition at the close of the evidence; and in overruling defendant's motion for a continuance following the amendment.

■ The alleged error of permitting plaintiff to amend his petition alleging company's specific safety rules, violation of the safety rules and allowing plaintiff to prove the safety rules is without merit. The record discloses that defendant, in its answer, alleged contributory negligence and the court charged the jury on this issue. To negative the contributory negligence charge, the railroad's rules for the safety of its employees were properly admitted. Federal Employers' Liability Act, § 1 et seq., 45 U.S.C.A. § 51 et seq. New York Central R. Co. v. Verpleatse, 116 Ind.App., 59 N.E. 2d 916. Nickell v. Baltimore & Ohio R. Co., 347 Ill.App. 202, 106 N.E.2d 738.

■ The amendment to plaintiff's petition setting out defendant's specific safety rules and alleged violation thereof, if error, was harmless. Sec. 1068, 22 O.S.1951, supra, Davis v. Jackson, 192 Okl. 15, 132 P.2d 923, Sims v. First Nat. Bank of Mangum, 175 Okl. 180, 51 P.2d 820.

It is next argued under this contention that plaintiff was also erroneously permitted to amend his petition so as to increase the amount claimed under the various items of alleged damages from a total of $88,538 to $218,895.65.

The record discloses that plaintiff notified defendant by letter several days before the trial of the suggested amendments and enclosed a copy of the proposed amendments. In the first paragraph of the letter it is said:

"Enclosed find copy of amendment to petition to conform to the proof. The original will be offered during the trial or at the close of the evidence."

■ The letter referred to prior discussions by telephone of the proposed amendments. Under these circumstances, defendant, obviously, was not surprised or misled. This amendment did not affect the substantial rights of defendant or substantially change plaintiff's claim. Under our civil procedure, the order permitting the amendment was justified in the furtherance of justice. Secs. 311, 312 and 317, 12 O.S.1951, Ganas v. Tselos, 157 Okl. 107, 11 P.2d 751; Federal Life Ins. Co. v. Bartlett, 183 Okl. 189, 80 P.2d 587. The error, if any, does not warrant reversal of judgment if not affecting substantial rights of complaining party. Id.

Defendant next complains of misconduct of the jury and alleges reversible error of the trial court in refusing to grant a mistrial on account of said misconduct.

The conduct referred to is that after the jury was selected, and the trial had started, counsel representing the defendant learned that one of the jurors, Mrs. Marjorie Phillips, who, incidently, was foreman of the jury, formerly lived as a paying roomer and boarder in the home of plaintiff's principal counsel, Homer Bishop. It is argued that this juror with others was closely ex-amined on voir dire to determine whether there was any relationship between the jurors, parties and counsel that would prevent them from serving as fair jurors; that Mrs. Phillips failed to disclose this relationship to counsel, and that immediately after defendant learned of such relationship to counsel, a motion for mistrial was filed and overruled with exceptions; that during the progress of the trial a juror, Jennie Johnson, was seen by defendant's counsel and the trial judge in the court room in conversation with the plaintiff, his wife, and his two small children; that following this incident, defendant again filed a motion for mistrial which was also overruled with exceptions; that following the verdict it was brought to defendant's attention that another juror, Merle Belford, and a brother of plaintiff's counsel, Homer Bishop, married sisters, conceding however, that such relationship did not disqualify the juror, but contending that it was the duty of the juror to disclose this fact on his voir dire examination, which he failed to do.

The record discloses that the jurors were sworn and admonished not to discuss the case with anyone or to allow the case to be discussed in their presence and no violation of this instruction is shown.

The prospective jurors were polled by the attorneys relative to their qualifications to serve as jurors. No intentional concealment of any relationships or business dealings is shown. The causes claimed would not ordinarily disqualify the jurors. There is nothing in the record to indicate but that these facts could have been ascertained by the voir dire examination had defendant propounded questions to that effect, and had defendant done so, the objectionable jurors could have been excused by peremptory challenges.

■ A motion for a new trial is addressed to the sound legal discretion of the trial court, and the granting or refusal of same will not be disturbed on appeal, in the absence of abuse of discretion, Hartman v. Dunn, 186 Okl. 9, 95 P.2d 897. Under the circumstances herein, we cannot say that the trial judge abused his discretion in re-

fusing to grant a new trial on the grounds of jury's misconduct.

■ Defendant's third contention that the court erred in permitting an actuary testifying for plaintiff to testify as to the present value of a given sum, basing his calculation partially on various mortality tables is without merit.

The factual situation in the case at bar is substantially the same as in Jones v. Eppler, Okl.Sup., 266 P.2d 451, and we think that case is determinative of this issue, notwithstanding that the defendant relies upon Wetherbee v. Elgin, Joliet & Eastern Ry. Co., 7 Cir., 191 F.2d 302, which is a death case, not a suit for personal injuries; therefore, it is not in point.

Our holding in the Jones v. Eppler case, supra, on this point is in harmony with the measure of damages applied in Haselden v. Atlantic Coast Line Ry. Co., 214 S.C. 410, 53 S.E.2d 60, certiorari denied, 338 U.S. 825, 70 S.Ct. 73, 94 L.Ed. 501.

Defendant's fourth contention of error, referred to by it as the most serious and flagrant in this case was that the court permitted plaintiff's attorney in his opening statement to the jury to disclose what constituted plaintiff's family referring to the fact that he had a wife and two minor children, the admission of proof to that effect and permitting plaintiff's counsel, in his closing argument to appeal to the passion of the jurors by referring to plaintiff's family responsibilities.

Such evidence, statements and argument were objected to and the ruling of the court thereon was adverse to defendant and exceptions were saved.

Under the Federal rule interpreting and applying the F.E.L.A. this character of testimony and argument was improper. However, the defendant voluntarily introduced three sworn statements including substantially the same character of testimony. Though the trial judge entertained the expressed idea that some prejudice flowed from the argument to the jury based upon this character of testimony we are unable to see in view of all the circumstances, including the fact that the trial judge reduced the verdict returned by the jury $35,-000, how this character of testimony, if error, was prejudicial to the defendant. Thomson v. Boles, 8 Cir., 123 F.2d 487, and cases cited therein.

■ The plaintiff's attorney in his argument asked the jury not to decide the issues on sympathy but to decide the case upon the facts and the instructions of the court which constituted the law of the case, and the court so instructed the jury. Plaintiff's rights of recovery, if any, were under Federal Employers' Liability Act, supra, and determined by principles of law as interpreted by Federal Courts. See Bombolis case, supra. But the admissibility of evidence and argument before the jury is a procedural matter, and governed by the law of the forum. Joice v. Missouri-Kansas-Texas Ry. Co., 354 Mo. 439, 189 S.W. 2d 568, 161 A.L.R. 383. The utilization of State courts for the vendication of Federal rights does not require that established state procedure be remodelled or that their customary modes for administering justice be restricted. See Mooney v. Denver & R. G. W. R. Co., Utah, 221 P.2d 628, and cases cited.

In Thomson v. Boles, 123 F.2d 487, supra, while not explicitly in point, the language used therein expresses the rule applicable to the case at bar. In that case it is said that the admission of testimony showing family responsibilities has been held error in many well considered cases, (citing cases) and, as said in that case, so it is here (paraphrasing the language therein) we do not desire to depart from the principles set forth in Hazelrigg Trucking Co. v. Duvall, Okl.Sup., 261 P.2d 204, which in effect, held that improper argument and conduct of counsel is a matter not to be condoned, but left largely within the discretion of the trial judge; and that courts should be very cautious in setting aside judgments because of remarks of counsel made during a hotly contested trial, even though improper, unless it clearly appears that such improper conduct or argument influenced the verdict.

It is said in the Thomson case, supra, that all references to plaintiff's family were immaterial and unwarranted, but that they were injected into the case by both counsel.

Under different circumstances, the argument referred to might well justify a reversal, but, for the reasons indicated, we do not believe the jury was improperly influenced or that any prejudice arose thereby.

■ In the instant case, the above reasoning is apropos, and we conclude that defendant cannot complain of errors of which it helped to create, therefore, the error, if any, was harmless. See also Cushing v. Jolles, 292 Mass. 72, 197 N.E. 466, 469; Girany v. Oregon Short Line Co., 56 Idaho 740, 58 P.2d 841; Graf Packing Co. v. Pelphrey, 171 Okl. 416, 42 P.2d 889, and Sinclair Prairie Oil Co. v. Seebeck, 182 Okl. 436, 78 P.2d 282.

■ Granting or refusing a motion for a retrial by reason of anything occurring during trial of a case is within the sound discretion of the trial judge and his ruling thereon will not be disturbed unless there has been abuse of discretion. Haselden v. Atlantic Coast Line Ry. Co., supra.

Defendant concludes its argument by charging that excessive damages were allowed which appeared to have been given by the jury under the influence of passion and prejudice, reiterating its contention as to the improper admission of testimony of family relations and argument to the jury relative thereto.

■ This charge is untenable. In our opinion this case is not a close one on liability. The plaintiff, in accord with the Federal Employers' Liability Act, alleged injury and damages, and the proof showed without doubt that due to defendant's negligence and resulting injuries to plaintiff that plaintiff was a hopeless and helpless paralytic cripple, being paralyzed from the hips down. Also that he had suffered great and excruciating pain and would continue to do so. Plaintiff alleged and the proof showed his damages to be: wages already lost and future wages lost, reduced to present net value $67,894.85; future reasonable probable medical expense, including drugs, $9,750; conscious pain and suffering endured and future pain and suffering $71,170; cost and expense of attendant or practical nurse for the future life expectancy of plaintiff $70,080.80, or a total of $218,895.65.

Under the proven losses of this case a verdict for $135,000, though reduced by a remittitur to $100,000, is not so grossly excessive as to demonstrate that it was the result of passion, partiality, prejudice, sympathy or other extraneous factors and not the result of the fair and rational consideration of the substantial evidence in the cause. Delaney v. New York Central R. Co., D.C., 68 F.Supp. 70; Florida Power & Light Co. v. Robinson, Fla., 68 So.2d 406.

■ In Jones v. Eppler, supra [266 P.2d 454], following the long established rule, which is applicable herein, we said:

"In an action for damages for personal injuries sustained, the court will not set a judgment aside because of excessive damages, unless the amount awarded clearly shows that the jury was actuated by passion, partiality, or prejudice."

■ In this case the elements and measure of damages, about which there is no question, are matters governed by the Federal Employers' Liability Act, but the amount of damages to which plaintiff is entitled is a question of fact for the jury to decide in accordance with our modes of procedure and not this court. It is only when a verdict is so excessive as to indicate that other considerations have influenced the jury, thereby thwarting justice, that this court will disturb the jury's verdict. Loftin v. Wilson, Fla., 67 So.2d 185, 189.

To sustain defendant's charge that the judgment is excessive in amount it cites cases for comparison and so does the plaintiff. A salutary warning as to such practice was given in Loftin v. Wilson, supra, wherein it was said:

"A comparison with other cases is sometimes fraught with danger because, of course, each case is different and must of necessity be measured in the light of the circumstances peculiar to it. Nevertheless, it is recognized that reference to amounts awarded in similar cases has at least a limited value. See Annotation 16 A.L.R.2d 3."

852

Whether a verdict is excessive depends upon the particular facts and circumstances in the case. Jones v. Eppler, supra. In the instant case, in addition to the general factual statement heretofore made of damages and injuries sustained, the record specifically discloses that plaintiff was a young man 27 years of age, able bodied and engaged in heavy manual labor for defendant. He earned $215.83 per month and had a life expectancy of 36.73 years. Through paralysis resulting from the injury plaintiff has permanently lost the use of both legs; that by reason of the injury, major operations have been performed upon plaintiff's backbone, from which he suffers much pain and this condition is reasonably certain to be permanent.

For the sake of brevity, only a few of the recent cases comparable to the case at bar will be considered. For instance, in Southern Pacific Co. v. Guthrie, 9 Cir., 180 F.2d 295, an award of $100,000 to a 61 year old railroad engineer who had lost his leg in a train accident was affirmed by the Federal Circuit Court in January, 1951. In Smith v. Ill. Cent. R. Co., 1951, 343 Ill. App. 593, 99 N.E.2d 717, the Court approved a judgment for $185,000 for loss of both legs in mid-thigh, comminuted fracture of breast bone and back injury to a 24 year old garage mechanic who had been earning $2860. In Delaney v. New York Central R. R. Co., D.C., S.D.N.Y. 1946, 68 F.Supp. 70, supra, a judgment for $165,000 was held not to be excessive for loss of both legs four inches below buttocks and other injuries. Plaintiff was 30 years old at the time of the accident, married, and had one child. His earnings were approximately $360 per month. In St. Louis Southwestern R. R. Co. v. Ferguson, 8 Cir., 1950, 182 F.2d 949 an award for $150,000 was held not excessive where plaintiff, a 49 year old switchman, suffered the loss of right hand, the lower left leg and three fingers of the left hand. In Counts v. Thompson, 359 Mo. 485, 222 S.W.2d 487, a judgment for $140,000 was held not to be excessive where a 36 year old brakeman suffered loss of both legs above the knee and other injuries. The jury awarded $165,000 which was reduced by the trial court to $140,000. In McKinney v. Pittsburg, etc., R. Co., D.C., S.D.N.Y.1944, 57 F.Supp. 813, a judgment for $130,000, which was reduced by the trial court to $100,000, was held not excessive. Plaintiff, a 43 year old workman earning $2805.44 the year of the accident, suffered the loss of both feet midway between the ankle and knee and other injuries. He had a life expectancy of 26 years and his entire losses in the way of future earnings and medical was $60,000.

The injuries in the above cases are similar to those sustained by plaintiff and seem to represent the kind and amount of judgments that in recent years are generally affirmed as not being excessive. Affirmation of judgments in increased amounts for damages for personal injuries are justifiable under present economic conditions. Haselrigg Trucking Co. v. Duvall, supra. Numerous other cases justifying affirmation of the judgment in the instant case could be cited, but we deem further citations unnecessary.

Finding no reversible error in the record, the judgment is affirmed.

HALLEY, C. J., and CORN, DAVISON, ARNOLD, WILLIAMS and BLACKBIRD, JJ., concur.