**PCX CORPORATION, Appellant,**

v.

**OKLAHOMA CORPORATION COMMIS-SION, Carl A. Nilsen, and Harken Oil & Gas, Inc., Appellees.**

Nos. 60813, 60015.

Court of Appeals of Oklahoma, Division No. 2.

Oct. 23, 1984.

Rehearing Denied Dec. 18, 1984.

Certiorari Denied May 21, 1985.

Released For Publication by Order of the Court of Appeals May 23, 1985.

John R. Robertson, Jr., P.C., Oklahoma City, for appellant.

Leslie Wilson, Asst. Gen. Counsel, Corp. Com'n, Oklahoma City, for appellee Corp. Com'n.

Gregory L. Mahaffey, J. Jayne Jarnigan, Mahaffey & Gore, P.C., Oklahoma City, for appellees C. Nilsen and Harken Oil & Gas, Inc.

REIF, Judge.

PCX Corporation appeals two pooling orders [1] granted on its own application by the Oklahoma Corporation Commission, but over PCX's request to dismiss. Having reviewed the record, we affirm the Commission.

On May 26, 1982, PCX filed its application to adjudicate the rights and equities of various owners of the right to drill in certain common sources of supply underlying Section 13, Township 6 North, Range 12 West, Caddo County, Oklahoma. A hearing was held on July 16, 1982. PCX presented the testimony of its land agent, Mr. Wirt Harris. He testified that PCX owned approximately 342 acres in this section and the right to drill. He further outlined PCX's plan for drilling and development and stated that the well was in the process of being drilled.

Mr. Harris recounted how he had approached the other mineral holders by a letter offering dated May 1982, which presented three alternatives for participation and/or compensation for drilling and production. He also testified to an additional compensation recommendation of a bonus of $3,000 per acre and a one-fifth royalty. He explained the conversion options, if any, available under each alternative. He testified that these compensation plans were to his knowledge the latest prices and were calculated during the spring of 1982.[2]

---

1. Both orders were substantially the same, with each granting PCX's application in conformance with the evidence presented to a Commission trial examiner. The principal difference was that the latter order added reference to matters and circumstances that PCX believed were critical to its request to dismiss its application. The second order also vacated the first. As a pre-cautionary measure, PCX appealed both orders which were consolidated in this appeal.

2. Mr. Harris related he had been monitoring the acquisition of oil and gas leases in the immediate area since 1978. He noted that one of the interest owners to the application proceedings had auctioned off a comparable interest in June 1982 for $3,000 per acre and three-sixteenth royalty. On redirect examination, Mr. Harris

Mr. Harris recommended that in the event a particular compensation/participation election was not made within ten days of the order, such a party would be deemed to have accepted the $3,000 per acre bonus with one-fifth royalty. He also recommended in detail other time requirements and alternative methods of perfecting participation rights. He concluded his testimony on direct examination by affirmatively stating PCX could pay the cash bonus, if it was elected, within thirty days from the date of the order.

Just prior to the close of the hearing, the trial examiner asked Mr. Harris if granting the application would prevent waste and protect correlative rights. Mr. Harris responded affirmatively and the trial examiner ruled "cause is recommended."

The attorney for PCX did not prepare or submit a report and order from that hearing for the Commission to act. Instead, PCX did nothing for two and one half months until the motion to dismiss the application was filed on October 1, 1982.

At the hearing on the motion to dismiss, attorney for PCX acknowledged responsibility to write the order and that a report had not been written. Counsel claims he operated under a misapprehension of whether the status was of a contested or uncontested nature and whether a report would be written by the trial examiner. The Commission denied PCX's motion to dismiss and issued a pooling order in conformance with the application and evidence. Upon rehearing, the Commission again denied dismissal. It issued a second pooling order that was likewise responsive to the application and evidence, addressed matters PCX offered in support of dismissal, and vacated the first order.

PCX attacks the Commission's denial of its motion to dismiss and the granting of the pooling order with compensation elections on various grounds.

I

First, PCX contends 12 O.S.1981 § 683, applies to Corporation Commission proceedings. PCX asserts that under this statute an absolute right of voluntary dismissal is given to the party who initiates a proceeding "before the final submission of the case to the jury, or to the court." In summary, it argues a hearing before a trial examiner is not such a final submission inasmuch as the Commission is singularly empowered to grant pooling orders.

We find this argument without merit. We note that the supreme court has had occasion to narrowly construe and confine the application of section 683 to *civil actions*. In *Epperson v. Johnson*, 190 Okl. 1, 119 P.2d 818 (1941), the court declined to apply this statute to a condemnation proceeding due to the fact it was a special proceeding and not a civil action. This was notwithstanding the fact both types of causes are tried in the district court, involve the right of jury trial, and a specific direction that condemnation trials are conducted in the same manner as civil actions in the district court.

■ An adjudication before the Corporation Commission is a similarly distinct proceeding from a civil action. We find the question of dismissal before it is governed by its rules of practice. Specifically, Okla. Corp.Comm'n Rules of Practice, Rule 14(g) (1981), provides:

> The party commencing a proceeding may dismiss the application with or without prejudice at any time prior to commencement of a hearing. Such dismissal shall not dismiss the proceeding as to affirmative relief sought by any other party of record. At any time after hearing has commenced, a proceeding may be dismissed only by Order of the Commission, which *may* be granted or denied, and may be with or without prejudice. (Emphasis added.)

While PCX acknowledges this rule, it contends the Commission abused its discre-

recounted acquisition of one particular interest in the section. He negotiated it with a leasehold interest buyer who was experienced in the oil

and gas business. He reported the compensation paid was $3,000 per acre with one-fifth royalty.

tion in denying dismissal. It asserts such abuse is evident by the failure of the Commission to require the filing of a report of the trial examiner's hearing "at the earliest practicable date." Okla.Corp.Comm'n Rules of Practice, Rule 23(a) (1981).

■ On this issue, we first observe that the practice before the Commission is that the attorney for the prevailing party often prepares the report and order in an uncontested case. It was the responsibility of the attorney for PCX to submit the order. Moreover, he acknowledged this responsibility and stated he had not submitted a report at the hearing on PCX's motion to dismiss.

He attempts to explain this away alluding to a confusing notation appearing on his file and claiming he thought the examiner would prepare a report. However, the record of the hearing before the trial examiner bespeaks counsel's clear understanding and readiness to prepare an order at that time:

> MR. ROBERTSON: I'd like to introduce by reference the Order which will issue out of Cause 92668 ... by which Order the Commission established Section 13 of 6 North, 12 West as a 640-acre unit for the production of gas and gas condensate from the ... common sources of supply.
>
> *I will, in the final Order,* of course, recite that Order number. (Emphasis added.)

Moreover, in the examination of his witness, counsel asked direct questions concerning his recommendations as to the content of the order. The record is clear that Mr. Robertson intended to draft the order.

■ The delay in the submission of a report of the hearing before the trial examiner to the Commission for the recommended uncontested order to be acted upon was entirely caused by counsel for PCX. In *St. Louis-San Francisco Ry. v. King,* 278 P.2d 845, 851 (Okla.1954), the supreme court stated a party cannot complain of errors he helped to create. Therefore, the urging of an abuse of discretion in this regard is unfounded.

PCX further alleges abuse of discretion by asserting that denying dismissal and granting the pooling orders in question does not promote the purposes of the pooling statute, 52 O.S.Supp.1982 § 87.1. It argues by the time the Commission came to review the application and evidence and issue the orders in question, a dry well was drilled and plugged. PCX complains the burden of a pooling order under such circumstances is unreasonable and unnecessary for any regulatory purpose. It further contends the pooling order punishes, therefore being an abuse of discretion and obviously inequitable.

■ While the argument is logically sound, it is not altogether supported by the evidence. There is no evidence this was a dry well.[3] The drilling effort by PCX was not unsuccessful due to the failure to discover producing quantities of oil and gas at the planned depth. The drilling effort was *discontinued* by PCX, due to financial problems and drilling difficulties. That is the clear import of PCX's position on its motion to dismiss.

The equities of this case must clearly be measured by the acts and motives of PCX. It invoked the pooling jurisdiction of the Commission *after* it commenced drilling in the previously established unit and *after* their letter offering and other negotiations were unfruitful in making acquisitions. As pointed out by counsel for an interest owner, PCX pushed for the application to be heard expeditiously and objected to any continuances. PCX specifically objected to the interest owners riding the well down to see what it was going to do. Yet, PCX now seeks dismissal after apparent deliberate efforts to stall proceedings until it effectively "rode" the well.

To countenance a pool and peek tactic such as this would be to approve an abuse of the authority and procedure of the Okla-

---

**3.** A dry well or hole is a technical condition and term of art in the industry. This court believes

more is required to establish that there was a dry hole than simply the statement of counsel.

homa Corporation Commission. PCX sought protection of its rights from the Commission as much as, if not more than the correlative rights of the interest owners.

In seeking the benefits of proceedings before the Commission, PCX must also bear the burdens. Dismissal of the PCX application, or even modification of the pooling arrangement it sought and supported with evidence, would permit PCX to reap all the benefits of Commission pooling protection and escape all the burdens, consequences, and responsibilities. This would not be good policy or a just result. It would be tantamount to an abuse of process. Dismissal is properly refused in order to protect the integrity of a tribunal's authority and proceeding.[4]

We find the Commission regularly pursued its authority under its rules and was well within its discretion not to dismiss the application of PCX.

II

Second, PCX alleges the pooling order issued by the Commission was both against the weight of the evidence and was arbitrary and capricious. Contrary to the conclusion of PCX, this court finds that the Commission had evidence before it of a viable drilling proposal by PCX, albeit one which was *suspended* at the time of the issuance of the order. Further, PCX presented evidence for support that it should be given exclusive drilling and production rights and that its plan for compensation and/or participation by other interest holders would fairly protect all correlative rights. PCX is in the best position to develop the common sources for production.

In *C.F. Braun & Co. v. Corporation Commission*, 609 P.2d 1268, 1271 (Okla.1980), the court determined a "pooling order should be responsive to the application and evidence." Pooling orders of the Commission enjoy a presumption of correctness. The burden is cast upon the appealing party to show that the order in the respects challenged is contrary to the weight of the evidence. This is so because the formulation and execution of legislative policy has been entrusted to the Commission, because it is thought to be peculiarly experienced and fitted for the purpose. It is not for the courts to substitute their notions of expedience and fairness for that of the Commission. See *Palmer Oil Corp. v. Phillips Petroleum Co.*, 204 Okl. 543, 551–53, 231 P.2d 997, 1007–8 (1951), *Peppers Refining Co. v. Corporation Commission*, 198 Okl. 451, 455–56, 179 P.2d 899, 904 (1947).

Okla. Const. art. 9 § 20, mandates a "substantial evidence" test for reviewing decisions of the Oklahoma Corporation Commission. An order of the Commission when appealed will be affirmed if it is supported by substantial evidence. *El Paso Natural Gas Co. v. Corporation Commission*, 640 P.2d 1336 (Okla.1981). This includes the value of the compensation alternatives. The only evidence in the record of such values is that offered by PCX through Mr. Harris, its land agent. PCX has not met its burden in attacking the orders of the Commission. We find that the Commission properly issued the pooling order in considering the recommendation of the trial examiner and evidence to support it. The order is supported by substantial evidence.

AFFIRMED.

MEANS, P.J., concurs, and BACON, J., concurs in result.

**4.** *See Select Builders of Florida, Inc. v. Wong,* 367 So.2d 1089, 1091 (Fla.App.1979).