Hershel Dee **GARRETT,**
Appellee/Counter–
Appellant,

v.

**UNION PACIFIC RAILROAD,**
Appellant/Counter–
Appellee.

No. 76500.

Court of Appeals of Oklahoma,
Division No. 3.

March 31, 1992.

Tom L. Armstrong, David S. Landers, and Jeannie C. Henry, Tulsa, for appellant/counter-appellee.

Richard D. Gibbon, Tulsa, for appellee/counter-appellant.

## OPINION

HANSEN, Vice–Chief Judge:

Appellant (Railroad) seeks review of the trial court's judgment for Appellee Garrett, rendered on a jury verdict; the trial court's order denying Railroad's motions for judgment notwithstanding the verdict and for new trial; and the trial court's order directing remittitur. Counter–Appellant Garrett purports to seek review of certain issues which are not allegations of trial court error, but are rather in the nature of responses to Railroad's appeal. Consideration of the counter-appeal will be limited accordingly.

Garrett filed this action under the authority of the Federal Employers' Liability Act (FELA), 45 U.S.C.A. § 51 et seq. He alleged injury to his right ear, resulting in loss of hearing and continual pain and ringing in the ear. The injury was alleged to have occurred when a small explosive device, known in the railroad industry as a torpedo, was set off during the process of coupling an engine to a railroad car.

The trial court entered judgment for Garrett, pursuant to a jury verdict, in the amount of $898,120.00. Railroad filed a timely motion for judgment notwithstanding the verdict, or in the alternative, for a new trial. The court denied both.

In its argument for a new trial, Railroad, *inter alia*, contended the court's failure to give requested instructions constituted reversible error. One of those requested instructions was that, under applicable tax laws, any award to Garrett would not be subject to income taxation. In an effort to cure error in this respect, the trial court, over Railroad's objection, received expert testimony in a post-trial hearing on Railroad's motions. A certified public accountant, offered by Garrett, testified federal income tax on the award would be $250,544.00.

In its order denying Railroad's motions for judgment notwithstanding the verdict and for new trial, the trial court ordered remittitur in the amount of the estimated tax, reducing the judgment to $647,576.00. Railroad appeals.

█ As the first of his purported issues as Counter–Appellant, Garrett contends Railroad's motion for new trial was insufficient to advise the trial court of alleged errors, and thus failed to preserve *any* error for appeal. We find Garrett's contention has no merit. While Railroad's motion viewed singly could be deficient, Railroad filed an accompanying six page brief, complete with arguments and citations of legal authority, specifically detailing each of the allegations of error now raised on appeal. Even presuming error, Garrett demonstrates no harm, and we see none. Railroad's alleged errors are properly preserved.

█ Railroad first asserts that judgment for Garrett should be reversed because there is insufficient evidence for the jury to have properly concluded either that he suffered an ear injury, or that Railroad's negligence caused the injury, if any.

Railroad cites *St. Louis—San Francisco Railway Company v. King*, 278 P.2d 845 (Okla.1954), for the proposition that this Court, in an FELA action, may examine the record, weigh the evidence, and determine whether the verdict and judgment should stand.

If that was ever the accepted standard for appellate review of jury determinations in FELA cases, it clearly is not the present standard. In *Faulkenberry v. Kansas City Southern Railway Company*, 602 P.2d 203 (Okla.1979), the Supreme Court held:

A verdict in a FELA action can be set aside only where there is a complete absence of probative facts to support the conclusion reached. The appellate court is not free to reweigh the evidence and set aside the verdict merely because the jury could have drawn a different inference or because the court would consider another result more reasonable.

■ In our review of FELA actions, we do not apply common notions of negligence law. Negligence, for FELA purposes, is a federal question. *Rogers v. Missouri Pacific Railroad Co.*, 352 U.S. 500, 77 S.Ct. 443, 1 L.Ed.2d 493 (1957). The United States Supreme Court explains an employer's FELA liability in *Rogers*, at 77 S.Ct. 449:

> The employer is stripped of his common-law defenses and for practical purposes the inquiry in these cases today rarely presents more than the single question whether negligence of the employer played any part, however small, in the injury or death which is the subject of the suit. The burden of the employee is met, and the obligation of the employer to pay damages arises, when there is proof, even though entirely circumstantial, from which the jury may with reason make that inference.

We find Garrett met his burden of proof. He testified, with support from other experienced railroad employees who heard the explosion, that it was a torpedo. There was further testimony to support the findings that the use of the torpedo in the coupling was improper and unexpected; and that Railroad was aware torpedoes had been stolen and used in acts of vandalism, but took no effective action to secure the torpedoes against such misuse. Garrett stated he was approximately three feet from the explosion and immediately felt pain and ringing in his right ear. He said that pain and ringing, accompanied by headaches, had continued intermittently; that he had to wear an ear plug or other protective devices on his ears except when sleeping; and that he would not be able to work anywhere there was noise. The record reveals medical evidence of traumatic injury to Garrett's right ear shortly after the explosion, and continued treatment for pain and ringing in the ear, loss of hearing, headaches and some dizziness.

Although Railroad points to other evidence to controvert Garrett's, we may not weigh the evidence, but are limited to a survey of the record for probative facts which support the jury's conclusion that Railroad's negligence played some part in Garrett's injury. That standard is sufficiently met, and we will not reverse for that reason. Accordingly we affirm that part of the judgment finding Garrett was injured as a result of Railroad's negligence.

The remainder of Railroad's allegations of error concern the instructions to the jury respecting damages. We are severely constrained in our examination of Railroad's contentions regarding the instructions because the court's instructions actually given are not included in the record on appeal. The instructions were neither designated, nor transcribed. Because we cannot read the given instructions as a whole, we cannot determine if they fairly comprise those requested by Railroad, except for two specific instructions the court discussed, but refused to give. We therefore will consider only those two instructions.

■ The first is a requested instruction that any award would not be subject to federal, state or local income tax. To the extent it pertains to federal income tax, it was reversible error for the trial court to fail to so instruct. *Norfolk & Western Railway Company v. Liepelt*, 444 U.S. 490, 100 S.Ct. 755, 62 L.Ed.2d 689 (1980).

■ The record discloses the trial court refused the instruction because it could find no evidence to justify it. However, a FELA defendant is entitled, *as a matter of federal law*, to an instruction that a damages award for lost future wages is not subject to federal income taxation. *Faulkenberry v. Kansas City Southern Railway Company*, 661 P.2d 510 (Okla.1983). State and local income taxes should be included in the instruction if Railroad, on remand, can establish similar exemptions exist for those taxes.

Garrett argues as his second purported Counter–Appellant issue that remittitur cures any trial court error for failure to give the income tax instruction. We disagree.

Our Supreme Court, quoting from *Liepelt*, notes the purpose of that holding was "to eliminate from the process of jury deliberation 'an area of doubt or speculation that might have an improper impact on the computation of damages'." *Faulkenberry*, 661 P.2d at 513. The trial court heard the evidence upon which it made its remittitur decision after the verdict and dismissal of the jury. The trial court's determination of what the jury may have done, if it had heard the evidence on income taxation, is as speculative as a jury determination of damages in the absence of an instruction that a damage award will not be taxed. This is exactly the type of uncertainty the United States Supreme Court was trying to avoid by its decision in *Liepelt*. Remittitur was insufficient to correct the error.

Similarly, Railroad was entitled to an instruction that Garrett had a duty to mitigate his damages. Questions concerning damages in FELA cases are also federal in character. *Liepelt*, 100 S.Ct. at 757. It is for the jury to decide if Garrett had exercised reasonable efforts to mitigate his damages by attempting to return to work or find other employment. *Trejo v. Denver & Rio Grande Western Railroad Co.*, 568 F.2d 181 (10th Cir.1977).

An instruction on mitigation of damages was justified by the evidence. Railroad produced expert medical testimony that Garrett could be malingering. Garrett's own primary care physician was of the opinion that at one point Garrett might have been able to return to work, if he could be weaned from his pain medication. Garrett's testimony concerning his daily activities could have led some jurors, if properly instructed, to conclude Garrett may have been able, or would become able, to return to some employment. The evidence does not support a finding, as a matter of law, that Garrett was unable to take any action to mitigate his damages.

The trial court erred in failing to instruct on mitigation of damages and the federal nontaxability of a FELA award. It therefore abused its discretion by failing to grant Railroad a new trial on the issue of damages.

The trial court's judgment is AFFIRMED to the extent it finds Railroad liable for Garrett's injuries, but this matter is REVERSED and REMANDED for further proceedings consistent with this opinion to determine the quantum of damages.

HUNTER and JONES, JJ., concur.