THIS OPINION HAS NO PRECEDENTIAL VALUE

THIS OPINION HAS NO PRECEDENTIAL 
 VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT 
 AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The State,       
Respondent,
 
 
 

v.

 
 
 
Roger A. Stevens,       
Appellant.
 
 
 

Appeal From Saluda County
William P. Keesley, Circuit Court Judge

Unpublished Opinion No. 2004-UP-494
Submitted September 14, 2004  Filed 
 September 22, 2004 

AFFIRMED

 
 
 
Assistant Appellate Defender Robert M. Dudek, of Columbia, 
 for Appellant.
Attorney General Henry Dargan McMaster, Chief Deputy Attorney 
 General John W. McMaster, Assistant Deputy Attorney General Donald J. Zelenka, 
 all of Columbia; and Solicitor Donald V. Myers, of Lexington, for Respondent.
 
 
 

 PER CURIAM:  Roger A. Stevens appeals 
 his convictions of murder and first-degree burglary.  His complaint centers 
 on the solicitors opening statement.  He argues the trial judge should have 
 more fully sustained his objection to the statement or should have declared 
 a mistrial.  We affirm. [1] 
In his opening statement, the solicitor 
 said the following:

Mr. Bankston Derrick had devoted 
 most of his life to the service of others.  He lived in Saluda County.  He worked 
 in the school system.  He had reached that point in life that all that hard 
 work would be rewarded in retirement.  He was in his mid-sixties.

Defense counsel objected.  
After the trial judge sent the jury to its room, 
 defense counsel argued:

The defense objects that the 
 State has gone into the victims character and what a great person he was and 
 how much he did for the community and what a great service to the community 
 he was.  None of that is admissible.  Its all prejudicial.  Its appealing 
 to the passion and prejudice of the jury and just telling them what a great 
 hero this guy was, and it has nothing to do with the issues which are who killed 
 him.  

Defense counsel also moved for a mistrial.    
The trial judge ruled the objection was sustained 
 in part and overruled in part and denied the motion for mistrial in full.  
 When the jury returned to the courtroom, the trial judge stated that the objection 
 had been sustained in part; overruled in part.  The solicitor then told the 
 jurors where the victim had lived and continued his opening statement. 
1.       Regarding the question 
 of whether the trial judge should have more fully sustained the objection of 
 Stevens to the solicitors opening statement, the issue is not preserved.  Defense 
 counsel never asked the trial judge to explain which part of the objection he 
 had sustained and which part he had overruled.  See State v. Adams, 
 354 S.C. 361, 580 S.E.2d 785 (Ct. App. 2003) (holding arguments not raised to 
 or ruled upon by the trial court are not preserved for appellate review).
 2.       As to the question of whether 
 the trial judge should have declared a mistrial because of the solicitors remarks, 
 we find no abuse of its discretion in this instance because the defendant failed 
 to demonstrate prejudice.  See State v. Cooper, 334 S.C. 540, 
 514 S.E.2d 584 (1999) (holding the question of whether to grant or deny a mistrial 
 is within the sound discretion of the trial court and its ruling will not be 
 disturbed on appeal unless an abuse of discretion amounting to an error of law 
 occurs); State v. Harris, 340 S.C. 59, 530 S.E.2d 626 (2000) (holding 
 a mistrial should be granted only when absolutely necessary and to receive a 
 mistrial the defendant must show error and resulting prejudice).  The solicitors 
 opening statement could not have prejudiced Stevens because evidence, to which 
 Stevens did not object, supported each of the solicitors challenged remarks.  
 Cf. St. Louis-San Francisco Rwy. Co. v. King, 278 P.2d 845 (Okla. 
 1954) (permitting the plaintiffs counsel, over objection, to disclose in his 
 opening statement that the plaintiff had a wife and two minor children, to introduce 
 proof to that effect, and to refer in his closing argument to the plaintiffs 
 family responsibilities, the court stating that if there was any error it was 
 not prejudicial because the defendant voluntarily introduced three sworn statements 
 containing testimony of substantially the same character as that objected to), 
 abrogated on other grounds, Garrett v. Union 
 Pac. R.R., 828 P.2d 994 (Okla Ct. App. 1992).
As to the statement Mr. Bankston Derrick had devoted 
 most of his life to the service of others, George Todd testified he had known 
 the victim since 1964 when he was Todds sixth and seventh grade teacher and 
 Annette Derrick, the victims sister, testified the victim was a retired elementary 
 school principal, an organist for two churches, and a part-time worker in a 
 church office.  
As to the statement He lived in Saluda County, 
 Chief Deputy Charles Collard testified the victims residence lay in Saluda 
 County while the victims sister testified the victim lived two-tenths of a 
 mile from her house.  
As to the statement He worked in the school system, 
 the victims sister, as noted above, testified the victim had retired as an 
 elementary school principal.  
As to the statement He had reached that point 
 in life that all that hard work would be rewarded in retirement, the victims 
 sister, again as noted above, testified the victim had retired after serving 
 as an elementary school principal.  
As to the statement He was in his mid-sixties, 
 the victims sister testified her brother was maybe 66 years old. 
AFFIRMED.
GOOLSBY, ANDERSON, and WILLIAMS, JJ., 
 concur.

 
 [1]   Because oral argument would not aid the court 
 in resolving the issue on appeal, we decide this case without oral argument 
 pursuant to Rule 215, SCACR.